92 So.2d 581

**In re Neal B. RYALS and Beedie Wells Ryals for Adoption of James Nathan WELLS, Minor.**

No. 42698.

Jan. 21, 1957.

Dewitt T. Methvin, Jr., Alexandria, for appellant.

F. Jean Pharis, Pineville, for appellees.

HAWTHORNE, Justice.

This is an appeal from a final decree of adoption granting the petition of Neal B.

Ryals and Mrs. Beedie Wells Ryals for the adoption of the minor child James Nathan Wells. The appeal is by Jerry Don Wells, brother of the minor, whose opposition to the adoption was dismissed.

James Nathan Wells, the son of Jesse Wells and Mrs. Ruby Wells, was born on April 21, 1951, a little over four months after the death of his father. He lived with his mother and his brother, Jerry Don Wells, near Rosepine in Vernon Parish. On the night of February 16, 1954, the home in which they were living was destroyed by fire, and the mother was killed in the fire. A few days later the child's brother took him to the home of their uncle-in-law and aunt, Mr. and Mrs. Ryals, in Pineville. James Nathan was not quite three when he was left with his aunt and her husband, and he has remained in their care ever since. No tutor was appointed for him, and no agency was awarded his legal custody.

In May of 1954 Mr. and Mrs. Ryals filed a petition to adopt James Nathan under the provisions of R.S. 9:421–441 dealing with the adoption of minors under 17 years of age. After a hearing and after receipt of the confidential report on the adoption from the Department of Public Welfare, the court on June 11 entered its interlocutory decree awarding the temporary custody of the minor to the petitioners. In February, 1955, the Ryals filed their final petition for adoption, and the matter was fixed for hearing on March 31, 1955. Prior to the date of the hearing the brother, Jerry Don Wells, appeared and filed his opposition to the adoption. After trial the judgment appealed from was entered.

In this court appellant argues that the minor James Nathan Wells is not available for adoption under the adoption laws of this state as he has not been voluntarily surrendered or declared abandoned or a foundling, and, further, that the child cannot be adopted without his brother's consent.

As we have said, this proceeding was instituted under R.S. 9:421–441, and there is nothing in this statute which requires a child whose parents are both dead to be voluntarily surrendered or declared abandoned or a foundling before he is available for adoption, nor is there any provision which requires the consent of a collateral relative, such as a brother. The child in the instant case has no father and no mother, and his brother is his closest relative. Under the law, however, the brother is not given as a matter of right the care and custody of the child, nor is there any legal duty or obligation upon the former to provide for the latter's support and maintenance. We know of no law under a case presenting facts such as these which requires that a child be voluntarily

surrendered or declared abandoned or a foundling before he is available for adoption, and no law which requires the consent of a brother to such adoption.

■ Appellant also urges that the best interest of the child requires that the adoption be denied because Mr. Ryals is morally unfit and Mrs. Ryals physically and mentally unfit. The trial judge after hearing all the evidence concluded that there was no reason to refuse the Ryals' petition for adoption, and we agree with his conclusion.

The evidence in this case discloses that Neal Ryals is an employee of the United States Department of Agriculture, Soil Conservation Service, and is earning $4,150 a year; that he and his wife own and occupy a modest home in the Town of Pineville; that each was 39 years old, and that they had been married since 1938 and had no children; that they both loved the child whom they seek to adopt, and that he appeared to be fond of them. Many of the closest relatives of the child and the opponent testified in the case, among whom were maternal aunts, a maternal uncle, paternal uncles, a paternal grandfather, and a paternal aunt. The testimony of these close relatives was overwhelmingly in favor of the adoption. All of them were of the opinion that the Ryals were desirable as adoptive parents, and all approved the adoption. Other persons who had known the Ryals, such as Mr. Ryals' immediate supervisor in the Soil Conservation Service, also testified to their fitness as adoptive parents.

Under the facts of this case, was the judgment granting the adoption of this minor to petitioners in the best interest of the child? If so, it should be affirmed, for under the adoption statute "the basic consideration for this decree and all others shall be the best interest of the child". R.S. 9:432.

■■ The trial judge informs us in his reasons for judgment that the evidence clearly established that the Ryals have a good home with the proper influences for the upbringing of the child and are financially able to assume the status of parents. We fully agree with the trial judge's conclusion and think that it is to the best interest of the child, under the facts we have here, to affirm the judgment.

The judgment is affirmed, appellant to pay all costs.