PONDER, Justice.
The plaintiff is appealing from a judgment dismissing her suit for separation from bed and board on the ground that the parties had become reconciled.
After the plaintiff had instituted a suit for separation from bed and board, a rule for the custody of the children of the plaintiff and defendant was issued. Upon trial of this rule, the trial court gave the custody of their two teen age daughters to the defendant and gave the custody of the seven year old son to the plaintiff. The trial court awarded the plaintiff alimony in the amount of $50 per month for the support of the minor son. Upon the defendant’s failure to pay the alimony for the support of his minor son, the plaintiff ruled the defendant into court to show cause why he should not be held in contempt of court for his failure to pay this alimony. While this rule was pending, the defendant appeared and filed a motion to dismiss the suit for separation from bed and board on the grounds that he and the plaintiff had become reconciled. Upon trial, the lower court dismissed the suit for separation from bed and board and the plaintiff has appealed.
The sole question presented for our determination is whether or not a reconciliation has taken place.
The plaintiff contends that there has been no reconciliation. On the other hand, the defendant contends that there was cohabitation between he and the plaintiff on June 22, October 27, and October 28, of the year 1956.
The defendant contends that on June 22, 1956 the plaintiff voluntarily accompanied him and his two teen age daughters (ages 17 and 15) to Ponchartrain Beach in New *672 Orleans for an afternoon and on the way-back left the two daughters by the roadside and drove into a wooded field and had intercourse with the plaintiff; that on October 27th and 28th he and the plaintiff, accompanied by their two daughters, went to the Gulf Coast in Mississippi and spent the night in the Deep South Motel where he and the plaintiff occupied a separate room from their daughters and there had sexual intercourse. On this occasion defendant took pictures with a time device showing the plaintiff and him in bed. At the same time the defendant had a prepared statement to the effect that there had been a reconciliation and that both parties agreed to dismiss all the proceedings and defendant secured the signature of the plaintiff to this instrument.
The plaintiff contends that she was forcibly made to accompany defendant and the daughters on both occasions because defendant- threatened her with a gun and especially at the time the pictures were taken.
Plaintiff is supported in her testimony that she was forcibly taken on these two occasions by two disinterested witnesses who testified that they saw her being forced into the car. Mrs. Roy Bourg, who is a neighbor and knows plaintiff and defendant, testified that she saw defendant pull up in a car, get out and grab plaintiff by the arm. She testified that plaintiff “yelled and he put his hand over her mouth, and from there he walked in back of her and walked towards the car he had stopped in and pushed her into the car.” This was in reference to the occasion in June. Mrs. Sam Catanese, another neighbor, testified that on the 27th of October she saw a station wagon parked and heard plaintiff screaming, “and I looked outside again, and I seen a man and Leola (plaintiff) running across the street, and the man took behind her, and he caught her and pushed her back to the station wagon.” She testified that plaintiff ran across the street into the yard of a neighbor and jumped over some hedges before defendant caught her.
The defendant and his two daughters corroborated these two witnesses but testified that it was done at the instance of the plaintiff to make it look like she was forcibly taken so that her mother with whom she was then living would not know that she was going voluntarily because if she did her mother would put plaintiff and her son out of the house.
The evidence shows that after the return from the occasions where it was claimed that a reconciliation had been effected the plaintiff and defendant have .always lived separate and apart.
The trial judge was impressed with the fact that the plaintiff did not make an outcry to people who were around on these occasions at Ponchartrain Beach and at the motel on the Gulf Coast. The plaintiff testified that the reason that she did not call for assistance was because the defendant and the daughters had informed her that if she did so they would tell people that she was a mental case. This would seem reasonable because having the two daughters present would lend credence to defendant’s story of his wife’s supposed mental illness. It is to be noted that a reading of the testimony of the two daughters reflects profound hostility towards the mother; in fact, one of the daughters openly castigated her mother in court, and this was stated by the trial judge in his written reasons for judgment.
It impresses us that the evidence as to the reconciliation is overdone. In the first place, it is rather unreasonable to believe that a man would leave his two young daughters on the roadside and drive into the woods for the purpose he stated. Why did defendant take his two young daughters on both of these occasions? If there was going to be a voluntary reconciliation, their presence and testimony would not be at all important. It is strange that such photographs relied upon by defendant *673 would be taken and a prepared statement of reconciliation witnessed by the two daughters.
The fact that on both occasions, after the purported reconciliation, the parties had no contact with each other whatsoever indicates that in truth there was no reconciliation.
A reading of the evidence as a whole convinces us that there was no reconciliation between the parties and that on both occasions the plaintiff was forcibly taken by the defendant. This Court cannot condone duress or force.
For the reasons assigned, the judgment of the lower court is reversed and set aside, the suit for separation from bed and board is reinstated to be proceeded with as the law directs. All costs to be paid by defendant, appellee.