**R. E. KELLERMAN et al., Appellants,**

v.

**Preston J. MILLER, Appellee.**

**No. 21738.**

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1965.

Rehearing Denied Jan. 25, 1966.

---

J. Mort Walker, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellants.

James Domengeaux, Fredric G. Hayes, Domengeaux & Wright, Lafayette, La., for appellee.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

PER CURIAM.

This diversity case presents difficult questions of law under a mineral lease of a 78 acre tract of land located in the State of Louisiana. The trial court correctly observed, "The undeniable fact is that with only 78 acres included in the lease, the form of the lease was just not suitable for operations in a gas area." The United States District Court for the Western District of Louisiana rendered summary judgment cancelling the lease in a suit filed by the lessor. Miller v. Kellerman, 228 F.Supp. 446 (W.D.La. 1964).

■ Under the requirements of the Erie doctrine we must make the best guess possible as to the applicable law of the State of Louisiana. This task is not without serious difficulty. The Louisiana cases deal with a variety of factual situations and numerous types of leases containing provisions peculiarly suited to the property involved in the individ-

ual leases. We are not critical of the Louisiana decisions, but the case law on the subject of oil and gas leases is not as clearly defined as it is in other areas. There are a wide variety of opinions and interpretations apparent from the cases and legal commentaries.

At the suggestion of this court the parties filed extensive and very helpful supplemental briefs. We have given careful and tedious consideration to all the contentions of the parties. Such contentions are widely divergent and reflect irreconcilable conflicts as to the law of Louisiana. It seems appropriate to note that the parties themselves have taken inconsistent positions at various stages of the proceedings.

■ We have reached the conclusion that the trial court made a proper interpretation of the lease as to the payment of delay rentals and the default of the appellant-lessees in failing to make such payments according to the terms of the lease. We are unable to render any more reasonable interpretation of the lease after a meticulous consideration of the other possible interpretations of its provisions. The opinion of the trial court reflects a cautious and careful consideration of the equitable principles involved. We are unable to disagree with his interpretation, or to find any improper application of these principles in the exercise of a wide discretion which must guide the court in the circumstances and under the facts presented in this case. As pointed out by the trial court, it discussed some matters which it deemed unnecessary to consider in order to arrive at the conclusion reached, but attention was given to such matters because of their possible bearing on "the equities involved." Upon consideration of the entire record, we conclude that there was no error which would require a reversal. Accordingly, the judgment is affirmed.

* Senior Judge of the First Circuit, sitting by designation.