BOLIN, Judge.
Plaintiff sued her husband for separation from bed and board alleging cruel treatment and abandonment. She asked for and obtained a rule ordering her husband to appear and show cause why she should not be awarded alimony pendente lite for herself and support for a minor child, issue of the marriage. On the day the rule was called for trial defendant filed an exception of no cause and no right of action and a plea of reconciliation. Defendant filed no answer to the petition or rule but evidence was introduced under the exceptions. For oral reasons the lower court sustained the exception of extin-guishment, reconciliation and condonement and plaintiff appeals.
In her petition plaintiff alleges she was married to defendant on July 28, 1967, and of this marriage one child was born. The wife claims the husband pursued a steady course of cruelty beginning several months after their marriage and culminating in his abandonment of plaintiff on June 27, 1968.
The exceptions of no cause of action and reconciliation were based upon allegations the wife had become reconciled with her husband and condoned any wrongdoing by voluntarily cohabiting with him on at least two separate occasions, after the separation but before suit was filed.
The following chronological occurrences are pertinent to this decision. Petition for a separation and the rule nisi were filed and signed by the district judge on August 26, 1968. The rule was made returnable on September 6, 1968, and con-tintted and refixed for September 13, 1968. On the latter date defendant filed the exceptions and evidence relative thereto was presented, which consisted exclusively of testimony of the wife under direct and cross examination. She admitted having had sexual intercourse with her husband at the home of a friend on two occasions in July, 1968. She explained that her husband left the house soon after these acts were consummated and that no reconciliation in fact had occurred between them. Further, she testified her husband made no effort to reestablish a matrimonial domicile.
Upon completion of the trial of the exceptions the case was submitted for decision upon the filing of briefs by counsel for plaintiff and defendant. On October 14, 1968, plaintiff filed a supplemental and amended petition reiterating all of the facts alleged in her original petition and, further, setting forth that no reconciliation and condonation had occurred; that, alternatively, if it be found a reconciliation had been effected, defendant had at all times subsequent thereto refused to live with the wife or to provide her with a home, which *600 refusal constituted abandonment entitling her to a separation from bed and board. The judgment sustaining the exception of extinguishment, reconciliation and condonement was rendered on November 8, 1968, and signed and filed on December 16, 1968.
The following articles of Louisiana Civil Code are the basis for dismissing an action of separation because of reconciliation :
“Art. 152. The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced.”
“Art. 153. In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action.”
Louisiana Code of Civil Procedure Article 1151 provides in part:
“A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. * * *
Considering the cited articles of the Civil Code and Code of Civil Procedure we conclude the wife has stated a cause of action in her supplemental and amended petition. While it is true the trial judge may not have had actual knowledge of the amended petition at the time he ruled on the exception, the supplemental pleading, which had been served on defendant, was a part of the record and had been timely filed since no answer had been filed by defendant. We find it unnecessary to pass upon the question of whether the acts of the wife in having sexual relations with her husband amounted to a reconciliation so as to extinguish her cause of action. Rather, we think this is a classic example calling for the application of Louisiana Code of Civil Procedure Article 2164, which provides in part:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. * * * ”
As the wife had sued her husband for a separation, had obtained temporary custody of their minor child and was seeking by summary process alimony for herself and support for the minor child, we think justice would have been better served by ruling on these questions. This is particularly so in light of the fact that at the time the judgment sustaining the exception was rendered there had been timely filed an amended petition alleging abandonment and cruel treatment subsequent to the acts referred to, even conceding they constituted a reconciliation of the original abandonment.
Lest there be any misunderstanding of this opinion we do not hold it is invalid to try a plea of reconciliation and condonement prior to a hearing on the rule nisi for alimony or child support. However, under the peculiar facts of this case we conclude plaintiff’s suit should not have been dismissed under defendant’s exception. To hold otherwise would not only do an injustice to the minor child but would cause a multiplicity of suits by causing plaintiff to file a new suit based on the same cause of action set forth in her original and supplemental petition, timely filed and of record before this court.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside and the case remanded to the trial court for further proceedings in conformity to the law and the views expressed herein. Defendant is cast with the cost of this appeal, the assessment of all other costs to await final termination of the suit.