PRICE, Judge.
This is an appeal from the judgment of the trial court dismissing plaintiff’s suit for a divorce based on a finding by the court that a reconciliation had been effected by the parties since filing of this action.
Marvin M. Douthit filed suit against his wife, Silvia Joyce Douthit, on June 10, 1971, seeking an absolute divorce on allegations of repeated acts of adultery on her part. Plaintiff requested the pendente lite custody of the minor children of the marriage and a rule to show cause was set for June 15, 1971. At the time fixed for trial of the rule, defendant appeared through counsel and filed a pleading styled “Plea *427 of Extinguishment, Reconciliation and Con-donation,” in which she alleges the parties have resided together since June 8, 1971, in the same household and have had marital relations, thus effecting a reconciliation with extinguishes plaintiff’s right or cause of action.
Plaintiff’s counsel objected to the filing of the pleading on the ground that no such pleading is allowed under the Louisiana Code of Civil Procedure. After an adverse ruling on this objection, plaintiff’s counsel objected to the immediate trial of the issue of reconciliation and requested a continuance to enable him to procure witnesses and other evidence as he was surprised by the filing of this pleading on the date set for the trial of the rule for custody.
The trial court refused plaintiff’s request for a continuance and proceeded forthwith to try the issue of reconciliation. After hearing the testimony of the two parties to the action, the trial judge sustained the plea of extinguishment and dismissed plaintiff’s action.
On this appeal plaintiff makes three assignments of error:
1. That the plea of reconciliation and extinguishment is an affirmative defense that can only be pled in an answer. Therefore, the trial court erred in allowing this issue to be raised in a pleading not authorized by the Code of Civil Procedure.
2. The trial court further erred in refusing to allow plaintiff a continuance to properly prepare for trial on an issue unknown to him prior to the filing of the plea of reconciliation.
3. The court erred in finding the evidence sufficient to sustain the plea of reconciliation.
The pleading in question, although not styled as an exception, can only be construed and intended as such. Article 865 of the La.Code of Civil Procedure directs that pleadings be construed to do substantial justice.
Although the method of pleading was not made an issue, we find the affirmative defense of reconciliation and extin-guishment was pled by means of an exception in the case of Garner v. Garner, 222 So.2d 598 (La.App. 2d Cir.1969), and in the case of Hickman v. Hickman, 218 So.2d 48 (La.App. 3rd Cir.1969).
We find no appellate cases holding it is improper to allow this method of raising the issue. We conclude, however, the trial judge abused the discretion vested in him under Article 1601 of the Code of Civil Procedure in denying plaintiff a continuance as requested under the circumstances of this case. It must be assumed that counsel for plaintiff was first made aware of the new issue of reconciliation upon the filing of the pleading projecting this issue at the time fixed for trial of the custody rule. We believe he has shown his request for a continuance was made for proper cause and in good faith.
Plaintiff advised the trial court he could procure witnesses to disprove the testimony of the defendant and to deny him the opportunity to present this evidence deprived him of his day in court.
For the foregoing reasons the judgment appealed from is reversed and set aside, and the case is remanded to the district court for further proceedings in accordance with law and not inconsistent with the views expressed herein. Costs of this appeal are to be paid by appellee, the assessment of all other costs to await final determination of this action.