CHASEZ, Judge.
Plaintiff, Ronald Brown, obtained a judgment of separation by default against the defendant, Sylvia Steven Brown, on *67 May 2, 1969, based on the ground of abandonment. On May 14, 1970 plaintiff instituted this suit seeking a judgment of divorce. Defendant answered alleging that she had never abandoned her husband and that there had been a reconciliation and she was living with the plaintiff as man and wife since the separation.
After trial on the merits judgment was rendered by the lower court in favor of the defendant against the plaintiff, dismissing the action. From this adverse judgment plaintiff has taken this appeal.
At the trial, Sylvia Brown testified that after the separation the plaintiff would often come to where she was living and spend nights with her. She also stated that she would go to where the plaintiff was living and spend time with him at his residence. In effect, defendant testified that she and the plaintiff would often engage in cohabitation for short periods which were secretive in nature because her husband allegedly desired it that way.
She further stated that she did not contest the separation action filed by her husband against her because she believed that the plaintiff was dropping the suit, having been so informed by the plaintiff. She also testified that the plaintiff promised he would move her and the two minor children placed in her custody by the judgment of separation, over to his place on Treasure Street, but that he kept putting her off, never establishing a date for the move.
Plaintiff denied living with his wife after the separation. Two witnesses testified on behalf of plaintiff, Jimmie C. Copeland, a long time friend and second cousin; and Ferdinand Boutte, a retired gentleman who is plaintiff’s downstairs neighbor. Both witnesses testified that they saw the plaintiff frequently and that they had never observed Mrs. Brown in plaintiff’s apartment or any evidence of a woman living with him. Nor could they recall in any conversation with him any indication of reconciliation between the parties.
Plaintiff’s primary contention of error is the trial judge’s finding that plaintiff had not carried the burden of proof. Specifically at issue is a statement by the trial judge that plaintiff had “to prove a negative.” Plaintiff contends that following a judgment of separation from bed and board the law presumes the parties will obey the judgment.
As a general principal of law, the burden of proving a fact is on the party who pleads the fact. Where, as here, a defendant enters a plea of reconciliation as a bar to divorce proceedings, the plea is an affirmative defense and the burden of proof rests with the defendant as to its factual establishment. Pace v. Pace, 144 So.2d 195 (La.App., 4th Cir., 1962).
In the present case the trial judge, in weighing and considering the value of testimony of each of the parties and witnesses, accepted Sylvia Brown’s testimony and stated that he could “not assume that this witness [Sylvia Brown] got on the stand and committed perjury.”
A trial Judge’s findings and conclusions with regard to the facts, particularly where the credibility of witnesses is involved, will not be disturbed unless manifest error is clearly present. Murphy v. Piro, 240 So.2d 111 (La.App., 4th Cir., 1970). A trial judge can determine far better than an appellate court the weight and credibility to be extended to each witness as they appear before him and an appellate court should not interfere unless the need clearly arises.
In the present case, the trial judge concluded that defendant’s testimony established a reconciliation and that plaintiff had not disproved that such was the case. We can perceive no manifest error in this conclusion. The testimony of witnesses offered in behalf of the plaintiff in no way rebutted the testimony of defendants. Indeed, any attempt to disprove secretive acts of cohabitation would be difficult, to say the very least. The most that can be said *68 of the testimony of plaintiff’s witnesses is that when they saw or talked to the plaintiff the defendant was not with him.
As to whether reconciliation was proved or not we must accept the trial judge’s conclusions regarding defendant’s testimony. When plaintiff, on numerous occasions, spent the night with the defendant he forgave her of the abandonment and condonation and reconciliation occurred.
Reconciliation of the parties in the present case is a complete bar to plaintiff’s action for divorce. LSA-C.C. Art. 152; Collins v. Collins, 194 La. 446, 193 So. 702 (1940).
For the foregoing reasons the judgment of the lower court in favor of the defendant and against the plaintiff, dismissing his action is affirmed. Plaintiff to pay all costs of this appeal.
Affirmed.