324 So.2d 494 (1975)
Frank Henry GARRETT
v.
Patricia Carter GARRETT.
No. 12770.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
Rehearing Denied January 6, 1976.
Writ Refused February 6, 1976.
*495 Booth, Lockard, Jack, Pleasant & Lesage by James E. Bolin, Jr., Shreveport, for plaintiff-appellant.
James B. Wells, Bossier City, for defendant-appellee.
Before PRICE, MARVIN and GLADNEY, JJ.
En Banc. Rehearing Denied January 6, 1976.
MARVIN, Judge.
From a decision below sustaining the wife's second plea of reconciliation, the husband appeals.
Frank sued for the divorce on the grounds of adultery. Pat filed a first plea of reconciliation, alleging that Frank returned home on four specific dates and enjoyed conjugal relations with her during a two-week period which began shortly after he moved out. At the hearing on the issue, Pat testified to this. Frank denied it. The lower court overruled the first plea, saying "... one of these parties is lying ..."
After the first hearing, Pat filed the second plea based on an act of intercourse in their home, during which she had pictures made by private detectives who irrupted from a closet with flashbulbs and cameras. Three sequential photographs are in evidence. This event occurred sixteen days after the date of the first hearing.
Frank did not and indeed, could not, deny what the photographs clearly depict, but claimed he was seduced, set up and entrapped by Pat's "reprehensible scheme." Because of this, he says, any reconciliation *496 was legally defective and Pat should be precluded from asserting the plea.
The lower court sustained the plea.
The jurisprudence[1] holds that the motive and the intention of both parties is the controlling test to establish the requisite forgiveness, acceptance by the offender, and the indication to restore and renew the marital relation, which legally constitutes reconciliation under La.C.C. Article 152. This language, of course, is derived from the cases cited. All circumstances and personal relations between the parties after the marital breach occurs may be, and as here, should be, looked to by the trial court in determining requisite intent on the issue of reconciliation.
Except where there is present force, duress or coercion, as in Blanchard, the physical act of intercourse between husband and wife is traditionally considered as the epitome of harmonious marital relations. If one spouse does not truly possess the requisite intentions for reconciliation but entices the other into an act of intercourse solely for the purpose of attempting to extinguish that spouse's cause of action, the totality of the circumstances occurring after the marital breach should reveal the absence of intent. It is the intention of the deceitful spouse in such a hypothetical situation, however, and not the intention of the spouse being deceived, which aborts the reconciliation. Our courts deal with marital problems almost daily and the judiciary is not oblivious to the frailties or the hypocrisy of human nature. Our system of justice has not been hesitant to declare unconscionable practices or deceit in whatever circumstances they have been legally proved. In the absence of such things, however, husbands and wives do not willingly surrender themselves to each other without some mutual intentof whatever durationof maintaining or reestablishing the marital relationship. This physical act is one indicia of intent to be considered with all other circumstances, words and actions leading up to the act.
Intent, whether in criminal law or in civil law, is difficult of proof because we are not privileged to dissect the inner recesses and motives of the mind of a litigant or witness. Intent, however, in any case, need not be proved as a fact. It must be inferred from other facts which are legally proved to the trier of fact. Thus from one or more physical acts and surrounding circumstances does the trier of fact determine that intent has or has not been proved.
Was the intent present here, for however short a duration? Since this is a question of fact to be determined below, we resort to the lower court's findings in part on the second plea:
"We have here for decision at this point the mover's . . . second plea. . . The first of these we heard on May 2nd. The testimony, as I recall. . . was diametrically opposed. One said yes, and one said no. We subsequently had the allegation of this act of condonation through intercourse on May 18th. Mr. Garrett on this occasion admits this situation but contends that he was lured and enticed to want [the] act of intercourse, which under the Code and Jurisprudence he contends does not affect a reconciliation. I am sensitive to the concept that under certain circumstances one act of intercourse will not, or at least should not affect a reconciliation. The Jurisprudence gives lip service to this concept. We note, however, that the Jurisprudence further, in giving *497 lip service to this concept, as far as we can tell, has held that where there is one single act, in every case it held that there was a reconciliation. That's in every case I know about except the Blanchard case where the court found that the relations were forced upon the woman.
The totality of the circumstances here including the testimony of the previous trial held on May 2nd causes me to accept Mrs. Garrett's version of these events relative to May 18th. We find as a fact that the respondent was not lured into this occasion, though we do find that the act on his part did not manifest overt intent to forgive or return to his wife. Likewise, I find that her intent was to obtain evidence for this court appearance, and I state that I don't know frankly under the law whether I can actually consider for the facts the evidence we took on May 2nd. I doubt whether I can. But I will say that the evidence on this case causes me to reassess my conclusion of May 2nd. On May 2nd I concluded that Mrs. Garrett did not sustain the burden of proof. And it was the only possible thing that I could conclude under those circumstances. However, this situation causes me to accept those versions of those instances, and by the same token causes me to believe her version of what occurred on this occasion. So I find that whatever ideas or stated intent that the parties had in this particular circumstance of May 18th, under the totality of circumstances of the relationship between these parties has the effect under the Jurisprudence of Louisiana of affecting a reconciliation. And I therefore sustain the plea of mover at respondent's costs. That's it. "Record, pages 149 and 150. The circumstances surrounding the first plea are in the record. These circumstances were friendly conversations, petting and caressing leading up to intercourse during one or more of the several visits made by the husband to the wife after he filed suit for divorce. The couple also went out together with their son on one occasion and they talked about what had happened regarding the husband's grounds for divorce. The husband was at the home daily, and it was he who made the first overture for sexual intercourse after he filed suit, according to the wife. She also testified that the acts of intercourse did not cease even after she had filed the exception of reconciliation on those grounds. These circumstances, words and actions of the parties support the trial judge's conclusions. The fact that the second plea is the one sustained and appealed, did not make it error, as appellant contends, for the trial court to consider the totality of circumstances. The trial court should have considered the totality of circumstances in determining whether to sustain the second plea.
Reconciliation, and particularly the intentions of the parties, are primarily questions of fact for the trial court whose decision shall not be disturbed unless manifestly erroneous. Finding no manifest error, the lower court is
Affirmed at appellant's cost.
NOTES
[1] Cases cited and discussed by counsel and considered by the court are Martin v. Martin, 151 La. 530, 92 So. 46 (1922); Collins v. Collins, 194 La. 446, 193 So. 702 (1940); Stewart v. Stewart, 175 So.2d 692, (La.App.1st Cir. 1965); Brown v. Brown, 260 So.2d 66 (La.App.4th Cir. 1972); Garner v. Garner, 222 So.2d 598 (La.App.2d Cir. 1969); Blanchard v. Blanchard, 234 La. 790, 101 So.2d 671 (1958), and Bloodworth v. Bloodworth, 306 So.2d 812 (La.App.3d Cir. 1975).