EDWARDS, Judge.
Plaintiff, Arthur L. Carter, appeals the dismissal of his divorce suit against the defendant, Emily Fisher Carter.
Plaintiff obtained a separation from the defendant on February 6, 1975. On April 23, 1976, plaintiff filed a petition for a divorce based on LSA-R.S. 9:302, alleging that more than one year had passed since the date of the signing of the judgment of separation without reconciliation of the spouses. Defendant answered and pleaded reconciliation as an affirmative defense.
The trial court found that the parties reached a reconciliation after the judgment of separation and dismissed plaintiff’s suit.
The issue of reconciliation is a question of fact to be determined considering all the circumstances surrounding the actions of the parties involved. Garrett v. Garrett, 324 So.2d 494 (La.App. 2nd Cir. 1975), writ denied, 326 So.2d 372 (La.1976).
The record in the instant case indicates that plaintiff and defendant remained on the most amicable of terms following their separation. Defendant testified that she frequently visited plaintiffs apartment in Baton Rouge and that plaintiff frequently visited her at their farm in Denham Springs. Defendant further testified that they would often engage in sexual intercourse during these visits. Defendant detailed numerous specific occasions when they had marital relations.
The defendant’s assertions were corroborated by the testimony of two other witnesses, a neighbor and the defendant’s nephew. Both witnesses stated that they observed plaintiff at the farm, under circumstances which led each to believe that plaintiff was “spending the night” with defendant at the farm house.
Additionally, defendant offered evidence concerning various real estate transactions conducted by plaintiff and defendant with various third parties. During one such transaction on April 17, 1975, the issue of marital status was raised because the act of sale stated that plaintiff and defendant were legally separated and living separate and apart from each other. Defendant testified that plaintiff conceded that they had reconciled and consequently had the act of sale retyped to show that the parties were married to and living with each other.
Another real estate sale passed the following day likewise showed that the parties were married to and living with each other. Similarly, the language in a mineral deed executed by the parties which stated that the parties were legally separated was stricken out and initialed by both parties.
We find that these circumstances, words and actions of the parties support the trial court’s conclusion. Garrett, supra; McVay v. McVay, 276 So.2d 926 (La.App. 3rd Cir. 1973).
For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.