406 So.2d 266 (1981)
In re Clarence SIMON, Jr. and Mary Louise Humphries Simon Applying for Adoption.
No. 8421.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Simon & Woodruff, Paula Kobetz Woodruff, Lafayette, for appellant.
Vidrine & Wimberley, J. Lee Wimberley, Jr., Church Point, for appellee.
Before GUIDRY, FORET and DOUCET, JJ.
FORET, Judge.
Clarence Simon, Jr. and his wife, Mary Louise Humphries Simon, (appellees) brought this action for an interlocutory decree of adoption. They seek to adopt Andrea Denise Simon (Andrea), a female child born January 2, 1980. Larry Simon (appellant), a maternal uncle of the child, filed an opposition to the adoption.
The trial court granted the interlocutory decree of adoption, from which appellant brings this appeal.

FACTS
Andrea's mother, Kathryn Sue Simon, died on January 30, 1980, approximately one month after Andrea was born. Her father is unknown. Andrea has been in the physical custody of appellees since birth. Appellant filed a petition for appointment as Andrea's tutor and appellee, Clarence Simon, Jr., filed an opposition to the appointment. Clarence Simon, Jr. is also a brother of Andrea's mother.
Subsequently, appellees filed a petition for an interlocutory decree of adoption to which appellant filed an opposition. The trial court granted the interlocutory decree in favor of appellees, finding the adoption to be in the best interest of the child. Apparently, the trial court sustained an exception of no right of action against appellant, finding that he had no right to oppose the *267 granting of the decree under the provisions of LSA-R.S. 9:422.10.[1]
The trial court granted appellant a suspensive appeal from its judgment. Appellees have filed a motion to dismiss the appeal on the grounds that appellant has no right to appeal from the granting of the interlocutory decree. The motion to dismiss has been referred to the merits.

MOTION TO DISMISS
Appellees contend that appellant has no right to appeal this matter under the provisions of LSA-R.S. 9:438:
"§ 438. Appeals
Appeals from any judgment rendered in accordance with this Subpart or from the granting or refusal of any interlocutory decree shall be to the supreme court on both law and fact. Any party to the proceedings or any other party in interest shall have the right to appeal within thirty days after the rendition of a judgment or decree. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final." (Emphasis ours.)
The portion of this section providing that such appeals be taken to the Supreme Court has been impliedly overruled by LSA-Const. Art. 5, §§ 5(D) and 10. Such appeals are now properly brought before the courts of appeal. See Martin v. LeBoeuf, 351 So.2d 1202 (La.1977).
Essentially, appellees argue that appellant is not a party in interest for purposes of LSA-R.S. 9:438, supra. We disagree. We find that appellant is a party in interest as he is a maternal uncle of the child sought to be adopted. Thus, the motion to dismiss the appeal is denied.

THE INTERLOCUTORY DECREE
Appellees instituted this action to adopt Andrea pursuant to the provisions of LSA-R.S. 9:422.[2] Appellant contends that it was error for the trial court to grant appellees an interlocutory decree of adoption because they failed to adhere to some of the provisions of LSA-R.S. 9:422.3, et seq. Specifically, he alleges that the formal act of voluntary surrender executed by Andrea's mother in favor of appellees fails to set forth all of the information required by LSA-R.S. 9:422.6.[3] We agree that the document is deficient.
*268 There appears to be a hiatus in the law with respect to private adoptions when facts and circumstances such as those present in the action before us exists. LSA-R.S. 9:422.3 provides:
"§ 422.3. Voluntary surrender of custody of child for private adoption

The parent or parents of a child, whether the child is born in wedlock or out of wedlock and whether the parent is over or under eighteen years of age, may execute an authentic act of voluntary surrender of custody of the child for private adoption. The formal act shall be evidence of a legal and voluntary surrender only if it is executed in accordance with the provisions of this Subpart. The provisions of this Subpart shall be inapplicable where custody of the child has been removed by court order and placed with the Department of Health and Human Resources and the parent or parents shall have no capacity to execute an authentic act of voluntary surrender of custody as provided for in this Subpart. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to an agency." Added by Acts 1979, No. 686, § 1. Amended by Acts 1980, No. 187, § 1. (Emphasis ours)
Here, Andrea's mother is dead and the father is unknown. Under the provisions of LSA-R.S. 9:422.3, supra, there is no one who can execute the formal act of voluntary surrender in proper form. However, we do not believe that the legislature intended to prohibit private adoptions in situations such as this.
The Louisiana Supreme Court, in In re Ryals, 231 La. 683, 92 So.2d 581 (1957), was faced with a situation similar to this. In Ryals, the child involved had been born on April 21, 1951, four months after the death of his father. On February 16, 1954, his mother was killed in a fire. The child's brother brought him to the home of an uncle-in-law and aunt a few days later. Four months later, the uncle-in-law and aunt filed a petition to adopt the child under the provisions of LSA-R.S. 9:421-441, then in effect. The child's brother opposed the adoption on the grounds that he had not been voluntarily surrendered or declared abandoned or a foundling.
Ryals disagreed, stating on page 583:
"As we have said, this proceeding was instituted under R.S. 9:421-441, and there is nothing in this statute which requires a child whose parents are both dead to be voluntarily surrendered or declared abandoned or a foundling before he is available for adoption, nor is there any provision which requires the consent of a collateral relative, such as a brother. The child in the instant case has no father and no mother, and his brother is his closest relative. Under the law, however, the brother is not given as a matter of right the care and custody of the child, nor is there any legal duty or obligation upon the former to provide for the latter's support and maintenance. We know of no law under a case presenting facts such as these which requires that a child be voluntarily surrendered or declared abandoned or a foundling before he is available for adoption, and no law which requires the consent of a brother to such adoption."

. . . . . .
"Under the facts of this case, was the judgment granting the adoption of this minor to petitioners in the best interest of the child? If so, it should be affirmed, for under the adoption statute "the basic consideration for this decree and all others shall be the best interest of the child". R.S. 9:432."
See also 2 C.J.S. Adoption of Persons § 54, pg. 471.
We see no sound reason why the result should be any different under LSA-R.S. 9:421, et seq. presently in effect. See LSA-R.S. 9:432(B); Adoption of Latiolais, 384 So.2d 377 (La.1980). We have reviewed the confidential report prepared by the Louisiana Health & Human Resources Administration, Office of Human Development, *269 which was entered in evidence. That report convinces us that it is in Andrea's best interest to allow her adoption by appellees. The trial court found this to be so after reviewing the report and the evidence adduced at the in camera hearing on appellees' petition.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.
NOTES
[1] The record contains no written judgment signed by the trial court sustaining an exception of no right of action. Thus, there is nothing for us to review in connection therewith.
[2] LSA-R.S. 9:422 provides:

"§ 422. Persons who may petition for adoption
A single person eighteen years or older, or a married couple jointly, may petition to adopt a child. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship of the child to the spouse who is the legitimate parent.
Amended by Acts 1975, No. 421, § 1; Acts 1978, No. 714, § 1."
[3] LSA-R.S. 9:422.6 provides:

"§ 422.6. Formal act of surrender; contents
The formal act of surrender shall identify the parents or parent of the child by name, parish of domicile, age, and marital status; shall identify the child and the parish of birth of the child; shall indicate the name and address of the person or persons to whom the surrender is made, or the name and address of the representative of that person or persons; and shall recite: (1) the date of birth of the child to be surrendered and that the act is not signed earlier than the fifth day following that date; (2) that the parent or parents freely and voluntarily surrender custody of the child for the purpose of private placement and adoption; (3) that the parent or parents consent to the adoption; (4) that the parent or parents have been informed and understand that their rights as parents of the child are to be terminated, and (5) that notice and service of any pleading of any sort in any subsequent adoption proceeding is waived. Should a surrendering parent of the child be under the age of eighteen at the time of signing, the formal act shall also recite that fact and shall state that the surrendering parent under the age of eighteen is joined in signing the formal act of surrender by those individuals indicated in R.S. 9:422.3. Each necessary party must sign in the presence of a notary and two witnesses, although it is not necessary that they sign the same instrument."