DOUCET, Judge.
This is a domestic matter wherein plaintiff, Elaine Neal Wright, appeals from a judgment awarding custody of the only child born of the parties’ marriage to the father, Edris Ron Wright, defendant-appel-lee. Plaintiff further appeals from a judgment granting legal separation based upon mutual fault.
The record discloses that the parties were married in December of 1975, and that their marriage was a very stormy one with numerous separations. On September 11, 1980, the plaintiff filed suit for separation and injunctive relief, and was thereafter granted temporary custody of the minor child, Gwendolyn Eilene Wright. Subsequently, the parties reconciled and that suit was abandoned. On November 15, 1980, while the parties were living together as husband and wife, the defendant allegedly attacked the plaintiff and departed from the matrimonial domicile with the child. This suit for separation was filed by appellant on December 18, 1980 wherein she alleged that the husband’s physical cruelty on November 15, 1980 rendered their living together impossible, and requested a rule to show cause be issued to determine whom should be awarded custody. The defendant filed an answer and reconventional demand, claiming that the defendant in reconvention left the matrimonial domicile on numerous occasions without lawful cause, and as a *1300 result thereof, he was entitled to a legal separation.
The custody rule was heard on January 15, 1981, at which time the child was almost three years old, and the trial court awarded custody of the minor child to the father-defendant. Trial on the merits was held on March 31, 1981 and the court rendered a judgment of separation based upon mutual fault. During this latter proceeding the trial judge found that there had not been an effective reconciliation prior to November 15, 1980. However, the trial judge thereafter contacted counsel for both parties to inform them that he had erred, and the minutes of court would be corrected to show that a reconciliation had in fact occurred.[1] The plaintiff’s subsequent application for a new trial was denied.
Plaintiff has timely perfected the present appeal wherein she assigns as error that: 1) The trial court erred in failing to consider the natural bond which normally exists between a mother and child of tender years; 2) The trial court erred in awarding custody to the defendant based upon his prior custody and in requiring the plaintiff to prove that the prior custody was detrimental to the child’s well-being; and 3) The trial court erred in finding that the plaintiff was at fault, when such fault, if it in fact existed, occurred prior to the reconciliation between the parties and therefore was considered forgiven.
Appellant’s first assignment is without merit. The maternal preference rule has been legislatively overruled. La.C.C. Art. 157, as amended, effective September 7, 1979. See also Bordelon v. Bordelon, 381 So.2d 871 (La.App. 3rd Cir. 1980); affirmed, Louisiana Supreme Court, 390 So.2d 1325 (La.1980).
Concerning appellant’s second assignment of error, the facts are, as indicated hereinabove, that the plaintiff mother was originally granted temporary custody of the minor child by the court. The husband and wife reconciled, and subsequently, during an altercation commenced by the husband, he departed the matrimonial domicile and took the child with him. Subsequently plaintiff sued her husband for a legal separation based on cruel treatment, to which suit defendant-husband reconvened seeking a separation on the grounds of abandonment. At the custody rule in connection with this suit the trial judge granted custody to the defendant-father with the following comments:
“. . . After carefully considering the testimony of all of the witnesses in this case it seems apparent to the court that the child has been well cared for while in the custody of the defendant. There’s been no evidence of any mistreatment or abuse of the child. We’re dealing here with a child two years and ten months old. A child of that age is of very tender sensibilities and I am reluctant to change custody unless there are extenuating and mitigating circumstances which require this. I’m going to award custody of this child to the husband at this time since he has had it for approximately — I think since November 15th, is that the correct date? — two months.”
In so doing the trial judge obviously was attempting to apply the so called double burden rule which admittedly has been overruled statutorily and jurisprudentially. C.C. Art. 157, and Bordelon v. Bordelon, supra. Actually there had not been a considered decree insofar as custody of the child was concerned. The father had no decree at all, in fact, in this instance he absconded with the child when he left the matrimonial domicile. We feel that the trial judge erred in awarding custody to the father and particularly for the reasons advanced by him. Louisiana Law requires that custody be granted in accordance with “the best interest of the child”. La.C.C. Art. 157.
Our overview of the record indicates a rather substantial tendency of violence by *1301 the father. He admitted hitting his wife on numerous occasions, and administering a spanking involving excessive force to the child’s half-brother. There was additional evidence that he had previously shot a man during a dispute, attempted suicide (although he denies it saying that he shot himself accidently), and attacked his wife with a fork. While we recognize that custody decrees are not tools for regulation of human behavior, the award of custody to a parent with a violent disposition, such as we find in this case, does not seem to be in the best interest of the child. Furthermore, there was undisputed testimony that the father had been seen with the child at a tavern. He lives alone in a mobile home, and although his mother, who lives some miles away, and his grandmother, who also lives some miles away, babysit at times, the conditions for proper upbringing and rearing leaves much to be desired. By comparison, the appellant wife lives with her parents with adequate living conditions available and the help of her parents in taking care of the child. There has been absolutely no evidence of mistreatment or neglect of the child on the part of the mother, and all witnesses testified that she had been a good mother. Under these circumstances, we find that the trial judge was clearly wrong in awarding custody to the father. The best interest of the child dictates that she should be under her mother’s care.
We also reverse as to the trial judge’s finding of mutual fault. As stated earlier, the defendant’s reconventional demand was based upon the wife’s abandonment prior to the parties’ reconciliation. However, the jurisprudence is clear that reconciliation is tantamount to forgiveness of past misconduct. Courville v. Courville, 181 So.2d 277 (La.App. 3rd Cir. 1965); Brown v. Brown, 260 So.2d 66 (La.App. 4th Cir. 1972), writ refused, 261 La. 1067, 262 So.2d 45. The record is totally devoid of any evidence of fault attributable to the wife occurring after the parties’ reconciliation.
In view of our conclusion herein, we find that the record is not as complete as we would like it to be in order to determine the questions of child support, for which the appellee may be responsible, and visitation rights, to which he may be entitled. Hence we will remand the case to the district court for further consideration of these matters.
For the above and foregoing reasons the judgment of separation dated April 2, 1981, is affirmed insofar as it enjoins the appellee from harassing, threatening, or injuring the appellant, and from disposing, mortgaging, leasing, or otherwise alienating the community property between them, and insofar as it awards alimony pendente lite to appellant. It is reversed insofar as it grants a separation to the parties on the grounds of mutual fault, and it is now Ordered, Adjudged, and Decreed that there be judgment herein in favor of Elaine Wright and against Edris Ron Wright, declaring a legal separation between them.
The judgment is further reversed insofar as it granted the permanent care, custody, and control of the minor child to appellee, Edris Ron Wright, and it is now hereby Ordered, Adjudged, and Decreed that the permanent care, custody and control of the minor child, Gwendolyn Eileen Wright, be and the same is hereby awarded to Elaine Wright.
It is further Ordered, Adjudged, and Decreed that this matter be remanded to the district court for the purpose of determining the amount of child support for which appellee Edris Ron Wright may be responsible, and for a determination of any visitation rights to which he may be entitled.
All costs, at trial and on appeal, are assessed against appellee, Edris Ron Wright. Costs on remand to be determined by the district court at that time.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUIDRY, J., concurs and assigns written reasons.
DOMENGEAUX, J., concurs for reasons assigned by GUIDRY, J.

. The propriety of the trial judge’s ex parte amendment of a matter of substance is not before this court on appeal.