417 So.2d 522 (1982)
John Earl Harrington and Jennifer Meaux applying for ADOPTION OF Jason Michael MEAUX.
No. 82-103.
Court of Appeal of Louisiana, Third Circuit.
July 12, 1982.
Patricia Thomas, Abbeville, for plaintiff-appellant.
Before CULPEPPER, DOMENGEAUX, FORET, STOKER and DOUCET, JJ.
STOKER, Judge.
This is an appeal from an order of the trial court rejecting appellant's application for the adoption of a minor child, Jason Michael Meaux. Petitioners are not married to each other but allege that they are the natural parents of the child. Exhibit "A" attached to the petition lists the adoptive child's birthday as August 4, 1980.
The trial court refused petitioner's application because "John Earl Harrington and Jennifer Meaux, both single individuals petitioning jointly, are not persons who may petition for adoption under La.-R.S. 9:422." LSA-R.S. 9:422 reads as follows:
§ 422. Persons who may petition for adoption
"A single person eighteen years or older, or a married couple jointly, may petition to adopt a child. When one joint petitioner dies, proceedings may continue as though the survivor was a single original petitioner. If one of the spouses is the legitimate parent of the child to be adopted the other spouse may adopt the child with the written consent of the legitimate parent who need not join in the petition nor be served with a copy thereof. A judgment of adoption awarded to one spouse shall not alter the relationship *523 of the child to the spouse who is the legitimate parent.
Amended by Acts 1975, No. 421, § 1; Acts 1978, No. 714, § 1."
Petitioners admit that neither of them is the legitimate parent of Jason Michael Meaux. Petitioners are not a married couple. As two single persons jointly petitioning to become the adoptive parents, they are not "a single person" under the statute. Therefore, the statute does not authorize petitioners to jointly adopt their natural child. In their petition and in their brief petitioners allege that they both have children by prior marriages which have terminated; they also allege that at the time of conception and at the time of the birth of Jason there were legal impediments to their marriage. They express concern for the property rights of their natural son. This concern may explain petitioner's motivation. However, this motivation cannot affect the plain language of LSA-R.S. 9:422. The trial court's ruling was correct and we affirm its decree. Costs of this appeal will be assessed to appellants.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOUCET and FORET, JJ., dissent and assign reasons.
DOMENGEAUX, Judge, concurring.
I agree completely that there is no procedural device in our law to allow these unmarried parents to jointly adopt their natural child. If we allowed this adoption, our action would amount to raw judicial legislation.
The record indicates that the adoption would probably be allowed if John and Jennifer were married. There appears to be no impediment to such a union. Such being the case, it seems to me that the simple way to achieve their aims is for them to get married. The modern institution of marriage, after all, has been in vogue in civilized society for thousands of years.
DOUCET, Judge, dissenting.
Petitioners in this adoption case are the natural parents of Jason Michael Meaux. Although the parents are not desirous of wedlock, and already have custody, they wish to insure their child's legal rights of inheritance by adopting him. The requisite pre-adoption studies were made by the State of Louisiana, Department of Health and Human Resources. The investigation revealed the adoption would be in the best interest of the child. No one opposed the adoption. Nonetheless, the trial judge rejected their petition.
The majority holds, that as the law provides no procedural vehicle for adoption of a child by two single adults jointly, the trial judge's rejection of the natural parents' petition for adoption must be affirmed. I respectfully dissent, being of the opinion that decision turns the best interest of the child doctrine on its head, disregards parents' natural rights and discriminates against the innocent child sought to be adopted.
The paramount concern in adoption proceedings is, of course, the best interest of the child. Equally well established is that our adoption laws are to be construed in favor of the natural parent. With these rules in mind, I believe Civ.Code Art. 21 allows us to grant the relief prayed for. Such a result is supported by logic, reason and justice. Two parents are better than one. To hold to the contrary would require one parent to relinquish all rights and obligations in order that the other may adopt, and, in effect, punish the illegitimate child for the misdeeds of his parents.
This is an unprovided-for case. Because ours is a free society and Louisiana is a civil law jurisdiction, the absence of express law does not imply a prohibition upon the petitioners or this court. Inasmuch as our adoption laws are designed to protect, not destroy, the natural rights of parents, I do not believe R.S. 9:422 can be construed as providing an exclusive list of remedies. Such an interpretation is consonant with constitutional prohibitions against discrimination based on birth. Thus, the silence of *524 positive law requires we proceed according to equity as we are bound to do under C.C. Art. 21. Under Louisiana law, where the law is silent as to the remedy invoked but does not forbid it, the test is whether the ends of justice will be promoted by enforcement of the remedy. Miller v. Kellerman, 228 F.Supp. 446 (D.C.La.1964), aff'd. 354 F.2d 46, cert. denied 384 U.S. 951, 86 S.Ct. 1571, 16 L.Ed.2d 548. See also Justice Dennis' concurrence in Lovell v. Lovell, 378 So.2d 418 at 422 (La.1979) and his original opinion in Loyacano v. Loyacano, 358 So.2d 304 (La.1978) and Geny, Method of Interpretation (La. Law Inst. trans.) § 105. Applying equity I believe that the best interest of the child and due regard for natural rights of the parents dictates that we allow the relief sought.[1]
One might ask "Why don't petitioners get married?". Jennifer Meaux and John Harrington obviously have personal reasons for choosing their course of action. Both have experienced unsuccessful marriages prior to the relationship enjoyed now and consider their present status (not uncommon in this day and age[2]) to be most suitable. To state that petitioners can achieve their aim via marriage is to take an overly simplistic view of the institution. Moreover, the morality of their living arrangement is not before this court. Even assuming that adulteries are a social evil that endangers the sanctity of marriages, visiting this condemnation upon the infant is unjust.[3]Succession of Robbins, 349 So.2d 276, 279 (La. 1977). The issue before us is the best interest of the child. The record clearly shows the adoption to be in the child's best interest. Nevertheless, due to legalese, the majority requires the child to remain legally parentless.
Statutory procedures are not to be blindly followed; the paramount concern is the best interest of the child. Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir. 1979) per Stoker, J.; aff'd. 384 So.2d 377 (La. 1980). In Latiolais the court noted with regard to R.S. 9:422.1, dispensing with the requirement of parental consent in cases of non-support, that "adoption should be granted in the absence of extenuating circumstances or `just cause'. We also noted that just cause was a `jurisprudential addendum to the statute'." The court therein further noted that adoption statutes must be construed to protect parents' rights. Just as an adoption may be denied despite statutory qualification, as in Latiolais, it should also be granted where the best interests of the child require it, notwithstanding the absence of any express provisions for parental adoption.
See also the opinion of Foret, J. in In Re Simon, 406 So.2d 266 (La.App. 3rd Cir. 1981) wherein it was held that a hiatus in the law would not prevent an adoption in the best interests of the child.
In conclusion, I do not believe the child should suffer because of a hiatus in the law; rather we should proceed according to equity as we are bound to do under Art. 21 and allow the adoption. Accordingly, I respectfully dissent.
FORET, Judge, dissenting.
I respectfully dissent for the reasons stated in In Re Simon, 406 So.2d 266 (La.App. 3 *525 Cir. 1981), and for the further reasons stated by the Louisiana Supreme Court in In Re Ryals, 231 La. 683, 92 So.2d 581 (1957).
I further dissent for the reason that, in my opinion, the majority places too narrow an interpretation of the language of R.S. 9:422. Does the term "a single person" mean an unmarried person, or a single person in the numerical sense? At the very least then, the statute is ambiguous, and inasmuch as adoptions are favored in law, then the statute should be interpreted in its broadest possible sense, and the ambiguity should be resolved in favor of the child sought to be adopted.
We see decision after decision using the language, "in the best interest of the child". Although this is a vague and nebulous notion, for lack of a better statement, it will suffice. The majority decision in this case is in the worst interest of this child. The concurring opinion makes a religious or so-called moral issue out of this case. This is not our function. Whether these people get married or not is none of our business, or anyone else's business, for that matter, and to punish this child and relegate it to a status of illegitimacy simply because the parents are not married is ludicrous indeed. Certainly, we all favor the social and/or legal institution of marriage, but our personal views are of no moment in our judicial opinions.
To reiterate, I would say that the majority decision serves in the worst interest of this child, and the trial court judgment should be reversed under the two decisions which I have cited above where this Court and the Supreme Court decreed adoptions even though no statutory authority existed therefor. Even if we disregarded these decisions, in my view, under La.C.C. Article 21, equity would justify our ruling in favor of the petitioners.
NOTES
[1] Accordingly I do not believe allowing the adoption would amount to "raw judicial legislation" but, instead, would be a recognition of our obligation to do equity pursuant to Art. 21. In my opinion judicial legislation exists where a court acts contrary to clear legislative policy, e.g. see the concurrence in Wright v. Wright, 407 So.2d 1298 (La.App. 3rd Cir. 1981), wherein the maternal preference rule was judicially reinstated following legislative overruling of the doctrine.
[2] Related hereto is the fact that 20% of all children born today in Louisiana are illegitimate. Lorio, Succession Rights of Illegitimates in Louisiana, 24 Loy.L.Rev. 1 (1978).
[3] In the author's opinion, denial of plaintiff's petition does not promote family life by discouraging illegitimacy. Instead it effects an arbitrary, capricious, unreasonable discrimination on the basis of birth. In a similar context, the United States Supreme Court has observed: "... We have expressly considered and rejected the argument that a State may attempt to influence the actions of men and women by imposing sanctions on the children born of their illegitimate relationships." Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).