452 So.2d 388 (1984)
Sue SMITH, Plaintiff-Appellant,
v.
STATE of Louisiana, Through DIVISION OF FAMILY SERVICES, DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Defendant-Appellee.
No. 83-733.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*389 Jacques, Rester & Townsend, Jeff E. Townsend, Jr., Lake Charles, for defendant-appellee.
Pamela T. Taylor, Baton Rouge, for plaintiff-appellant.
Before DOMENGEAUX, FORET and STOKER, JJ.
STOKER, Judge.
Plaintiff, Sue Smith, appeals from the dismissal of her suit against the State Department of Health and Human Resources, Division of Family Services, in which she sought the custody of two children to whom she had been a foster parent. The trial court maintained the State's exception of no right of action and dismissed the suit. We affirm.
The facts of this case, as we can determine them from the pleadings and briefs in the matter, are undisputed. In 1972 Mrs. Smith and her former husband, Barton Smith, contracted with the State to become foster parents for Shawn M. Root and Burgess Root, ages three years and nine months, respectively. The Smiths were divorced in 1981 or 1982, at which time Mr. Smith alone contracted with the State to be a foster parent to the Root children. A short time later Mr. Smith asked that his contract be canceled, and the children were returned to the State. Mrs. Smith then sought to have the two children placed with her, and the State refused to make the placement. Mrs. Smith then filed the present suit, which is now before us in which she asked that "the custody, care and control" of the Root children be granted to her.
The issue presented for our review is whether a citizen of this State may petition the court for custody of a child currently in the custody of the State. It is our opinion that a citizen has no such right, and the State's exception of no right of action in this matter was properly maintained.
It is not entirely clear whether Mrs. Smith seeks to be allowed to contract with the State to be a foster parent to the Root children or whether she seeks simply the care, custody and control of the children; however, we find that she has no right of action for either claim. An action can be brought only by a person who has an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. The fact that a plaintiff may suffer damage is not enough unless he has a legally recognized right to be immune from damage by the defendant. LSA-C.C.P. art. 681 and Terrebone Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). We can find no authority to support Mrs. Smith's claim that she, as a citizen of this State, has a right to seek custody of children in the State's custody.
We have no information as to how the Root children came to be in the custody of the State; however, it seems to be undisputed that the State properly has custody of the children, as that term is defined in LSA-R.S. 13:1569(11). The State may fulfill its custodial responsibility by entering into foster home contracts with private citizens. LSA-R.S. 46:51(8). Even though the State may contract with foster parents to fulfill its responsibilities, those foster parents are acting for the State in caring for the children, and the State remains the legal custodian of the children. Vonner v. State Department of Public Welfare, 273 So.2d 252 (La.1973).
*390 The State has a superior right and interest in the status of its citizens and the State's interest in children may go beyond the mere parental right. See Wood v. Beard, 290 So.2d 675 (La.1974) concurring opinion and State ex rel. Harris v. McCall, 184 La. 1036, 168 So. 291 (1936). We are not insensitive to the affection and feelings Mrs. Smith may have for the Root children and we do not intend to diminish the concern she may have for them; however, her only legal connection with the children was through her contract with the State to be one of their foster parents. This connection alone does not give her a legally recognized right to seek custody of the children.
Even the rights of collateral relatives of children are not always paramount. In In re Ryals, 231 La. 683, 92 So.2d 581 (1957), the older brother of an orphaned minor child tried to prevent the adoption of the child. In allowing the adoption the court stated:
"Under the law, however, the brother is not given as a matter of right the care and custody of the child, nor is there any legal duty or obligation upon the former to provide for the latter's support and maintenance."
In her petition Mrs. Smith makes the following assertion:
"It is in the best interest of the two minor children to be in the care, custody, and control of Sue Smith and ultimately to be adopted by Ms. Smith and it is an arbitrary and capricious mood [sic] on part of the State of Louisiana to take these children away and not allow Ms. Smith the care, custody, and control and eventual adoption of the children."
If Mrs. Smith has serious intentions of attempting to adopt the Root children, it may be that she has standing to proceed to do that under existing statutes. However, such an effort on her part is not before us because she has not in this proceeding sought adoption. We do not here consider or rule on the question of her right to seek adoption. We do not know what the status of the children is or why they are in the custody of the State. We refer to the matter simply to emphasize it is not before us and we make no ruling one way or the other.
For the above reasons, the judgment of the trial court dismissing the plaintiff's suit is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.