352 So.2d 325 (1977)
Margie Faciane MILLON
v.
Joseph MILLON.
No. 8469.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
*326 Benjamin F. Hatfield, New Orleans, for plaintiff-appellee.
James C. Witcher, II, New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA and SCHOTT, JJ.
LEMMON, Judge.
In this appeal by Joseph Millon from a judgment granting his wife a divorce under R.S. 9:301 the sole issue is whether the parties reconciled within the contemplation of C.C. art. 154 during the period of separation.
The parties separated in February, 1973, this suit was filed in February, 1975, and trial was held in May, 1976. After the initial separation Mrs. Millon lived in an apartment with her children. She admitted having sexual intercourse with her husband during this period on about six occasions, but asserted she submitted to the 260-pound spouse involuntarily and under force. She denied ever inviting her husband to the apartment or discussing reconciliation with him and declared that he gained entrance into the apartment when the door was unlocked or the children let him in. She had called the police on several occasions.
Mr. Millon, claiming reconciliation "not in words, but in actions" on 10 to 15 occasions, stated "she wouldn't object too much at certain times" and on the last occasion in August, 1975 "she didn't put up no kind of resistance, hardly". He admitted that she never requested intercourse, that he "used force . . . with restraint" testing "to see her resistance", and that there was never a mutual agreement to reestablish their former relationship. He also admitted that they separated after he struck his wife on several occasions.
The oldest daughter, recounting the August, 1975 incident, testified she heard through the bedroom door her parents arguing and her mother yelling for her father to leave.
*327 The evidence in this case vividly illustrates the error of an absolute rule which would deem one or several isolated acts of sexual intercourse as conclusively establishing reconciliation.[1]
Reconciliation is the voluntary resumption or reestablishment of the relationship which formerly existed between the parties. While sexual intercourse constitutes strong evidence that the relationship has been resumed, proof of one act or of several isolated acts of sexual intercourse is not necessarily conclusive of the issue of reconciliation.
The issue of reconciliation under C.C. art. 154 is an issue of fact to be determined in each particular case by consideration of all the activities of the parties and by all of the circumstances of the case. See Blanchard v. Blanchard, 234 La. 790, 101 So.2d 671 (1958); Garrett v. Garrett, 324 So.2d 494 (La.App. 2nd Cir. 1976). In order to establish a reconciliation which will break the continuity of a period of separation or constitute a condonation or forgiveness of past behavior, the overall circumstances must show a mutual intention by the parties to voluntarily resume their marital relationship.
Intent is determined from the totality of the circumstances in each case. Here, the only evidence that the parties ever intended to resume a marital life together was the admission of isolated acts of intercourse accomplished with some degree of force, after which the parties had no further contact for substantial periods of time. On the other hand, there was considerable circumstantial evidence to support a conclusion that the parties did not intend a reconciliation. The parties did not attempt to reestablish a matrimonial domicile, the husband did not indicate in any other manner that he intended to resume the status of husband, father and head of the household, and the wife did nothing to indicate a change in her status from that of a separated spouse. The trial court found there was no "commencement of any marital relationship, certainly not a meaningful one", and the record supports this conclusion. Moreover, the record also supports the conclusion that the acts of intercourse occurred under circumstances indicating there was no voluntary or mutual intent to reconcile.
The judgment is affirmed.
AFFIRMED.
SCHOTT, J., concurs and assigns reasons.
SCHOTT, Judge, concurring.
Because the record supports the trial judge's conclusion that the acts of intercourse on appellee's part were not voluntary, I concur in the result of affirming the judgment of the trial court.
NOTES
[1] See 35 A.L.R.2d 707 § 10 (1954); 24 Am. Jur.2d Divorce and Separation § 214 (1966); 27A C.J.S. Divorce § 61 (1959); Clark, Domestic Relations § 12.10 (1968).

The purpose of the waiting period prescribed by R.S. 9:301 is to afford and encourage the opportunity for reconciliation. If one act of intercourse absolutely constitutes reconciliation, then a spouse with grounds for separation or divorce would be reluctant to respond to attempts at reconciliation for fear of losing accrued grounds. Indeed, such an absolute rule would encourage a spouse to avoid situations conducive to reconciliation discussions because an act of intercourse might occur or be inferred from such behavior.