365 So.2d 600 (1978)
Kim Dagate HALVERSON, Plaintiff and Appellee,
v.
Christopher E. HALVERSON, Defendant and Appellant.
No. 12239.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
*601 Barron M. Whipple, Houma, for plaintiff and appellee.
Keith M. Whipple, Houma, for defendant and appellant.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Christopher E. Halverson (Appellant) appeals from judgment declaring that isolated acts of intercourse between himself and his wife (plaintiff herein) did not annul a judicial separation between the parties. We affirm.
The facts are undisputed. On July 28, 1977, plaintiff (Appellee) instituted suit for legal separation from Appellant. Pursuant to a rule taken therein, Appellee was awarded alimony pendente lite in the sum of $460.00 per month. Appellee subsequently obtained a legal separation on September 23, 1977. On March 27, 1978, Appellee obtained judgment making executory unpaid alimony in the sum of $3,450.00. On April 3, 1978, Appellant was adjudged guilty of contempt for having failed to pay the accrued alimony and sentenced to 90 days in the parish jail, which sentence was suspended contingent upon his paying an additional $50.00 per month alimony and paying alimony currently when due. From this judgment Appellant has appealed contending the legal separation was nullified by reconciliation thus terminating Appellant's obligation to pay alimony.
At the time of the legal separation Appellant lived in Houston, Texas. Appellant testified that subsequent to the legal separation, Appellee voluntarily traveled to Houston and spent a weekend with Appellant, during which interlude the parties had sexual intercourse. On two or three occasions thereafter Appellant spent one or two nights with Appellee in Appellee's apartment in Houma, Louisiana. Appellant testified that on one of these occasions there was some talk between the parties concerning a possible reconciliation; he concedes, however, that Appellee indicated she would not consider reconciliation until after the final divorce.
Appellee concedes that she visited Appellant in Houston, on which occasion the parties had sexual intercourse. She also acknowledged that Appellant spent one or two nights in her apartment in Houma, on which occasions she and Appellant again had sexual intercourse. Appellee also testified that she never had any intention of reconciling despite her admission that she did tell Appellant she would consider reconciliation only after the final divorce. She stated that she did not dislike Appellant and that the acts of intercourse were "purely physical." Both parties concede that they have not lived together and that there has been no intimate relationship between them since November, 1977.
Appellant argues that Jacobs v. Tobelman, 36 La.Ann. 842 (1884) is the only case in which sexual intercourse between legally separated spouses was held to not constitute reconciliation, absent the element of force or violence incident thereto. Appellant also contends that our own court in Stewart v. Stewart, 175 So.2d 692 (La.App. 1st Cir. 1965) is also authority for the rule that one voluntary act of sexual intercourse between spouses nullifies a legal separation.
Our jurisprudence was formerly to the effect that a single act of voluntary sexual intercourse between legally separated spouses voided the separation. Collins v. Collins, 194 La. 446, 193 So. 702 (1940). More recent decisions, however, have evolved the rule that reconciliation in such *602 instances is a matter of mutual intent, to be judicially determined in the light of the totality of circumstances of each particular case and that isolated acts of sexual intercourse between the spouses is not controlling but merely one of the factors to be considered. Millon v. Millon, 352 So.2d 325 (La.App. 4th Cir. 1977); Garrett v. Garrett, 324 So.2d 494 (La.App. 2d Cir. 1975).
Our review of Stewart v. Stewart, above, does not support Appellant's contention that a single act of voluntary sexual intercourse between spouses per se ends a legal separation between them. Stewart indeed involved a single act of intercourse but in Stewart, we noted:
"We do not agree with the statement in the opinion of the Lower Court in quoting 19 Corpus Juris, p. 87 to the effect "* * * that a single act of sexual intercourse is insufficient to constitute condonation." The question of condonation is a question of fact to be determined considering all circumstances surrounding the action of the parties involved." (Emphasis by the Court).
The unmistakable holding in Stewart, above, is that a single act of sexual intercourse may constitute reconciliation of spouses. The court then concluded that under the circumstances a reconciliation resulted. Our holding in Stewart, above, does not mandate a finding in favor of Appellant solely because the parties indulged in isolated acts of intercourse in this instance.
Our law regards marriage merely as a civil contract. La.C.C. Article 86. It is elementary that the formation of contracts requires mutuality of consent of the contracting parties. It is equally basic that contracts lawfully entered into may be amended, revised or modified only by the mutual consent of the contracting parties. It follows, in our judgment, that a reconciliation between spouses can only be effected by their mutual agreement to reconcile, accompanied or followed by acts indicative of such intent.
In determining whether a reconciliation between spouses has resulted from their actions and relationship with each other, isolated acts of voluntary sexual intercourse between them is not conclusive of intent to reconcile; it is but one of the factors to be considered in determining mutual consent and agreement to reconcile. We are not called upon herein to judge, nor do we pass judgment on the morality of sexual intercourse between legally separated spouses for the "purely physical" reason of satisfying sexual desires with no intent to resume the marital relationship. We hold merely that isolated instances of sexual intercourse do not per se constitute reconciliation. We hold that such actions are merely part of the totality of circumstances which must be considered in each instance to determine whether the parties mutually intended to resume the marital relationship. No such intent is shown in this instance.
The judgment is affirmed at Appellant's cost.
Affirmed.