CUTRER, Judge.
This is an appeal by the husband from a judgment of the trial court granting the wife a separation on the grounds of abandonment. The judgment further awards the custody of the two minor children to the mother; fixes visitation privileges and awards the wife alimony and child support. The husband’s reconventional demand for separation, on the grounds of cruel treatment or abandonment, was dismissed. We reverse and dismiss that portion of the trial court judgment granting the wife a separation from bed and board. We reverse the portion of the trial court judgment dismissing the husband’s reconventional demand and render judgment granting the husband a separation from bed and board. In other respects the trial court judgment shall be affirmed.
The issues on appeal are (1) Whether the wife met the burden of proving an abandonment by the husband; and (2) whether the husband would be entitled to a separation on either of the grounds alleged in the reconventional demand.
There is little dispute in the facts. Nor-wood Meche was an officer in the United States Air Force stationed at England Air Force Base near Alexandria, Louisiana. Meche and his wife, Daisy, had established their domicile in Pineville, Louisiana, where they owned a home. They were the parents of two minor children.
Prior to September 1979, the marriage of Meche and his wife began to deteriorate. The testimony does not show the reasons for the deterioration; it only reveals the nature of the encounters that resulted from those undisclosed reasons. The marriage deteriorated to the point that in September 1979, Meche began staying on the base during the week and returning to his home on weekends. Meche explained the reason for this arrangement as follows:
“Q. Why are you following this procedure, why weren’t you staying at home.
“A. Well because we were having a lot of problems, excuse me, we were having a lot of problems, and I thought it was affecting the kids and we were not living a life together like two people should.
“Q. Okay...
“A. I thought it was best. ..”
This is the only testimony in the record as to the reasons or basis for Meche living part time at the base. This condition of living at home only a part of the time continued from September 1979, until the filing of this suit by the wife on March 19, 1980.
For about four weeks prior to March 15, 1980, Daisy Meche had been hospitalized. She spent three weeks in the Air Force hospital in San Antonio and then one week in the Air Force hospital in Alexandria. There is no testimony as to the reason for such hospitalization. During the hospitalization Meche stayed at home to care for the children. Daisy’s mother also stayed at the house during the last week of Daisy’s hospitalization.
Daisy returned from the hospital on or about Saturday, March 15,1980. That day, *1176 Meche, as he had customarily done, left home to return to the air base. The following Wednesday, March l'9th, Meche was given his orders to go on “TDY” to an air base in New Mexico. He went on that “TDY” and returned to Alexandria on March 22nd.
Upon his return, he found that his wife had filed this suit for separation on March 19th, the day he left on “TDY” to New Mexico. The petition stated that the abandonment by Meche occurred March 15,1980.
Meche called his home and then went by to talk to Daisy. When he arrived he was told by Daisy that he could not stay more than two hours and that henceforth he could not stay at the home unless someone was present in the house with them. Daisy and her mother both testified that Meche was so instructed. Meche made no further attempts to return to the home. In view of what he was told, Meche felt that any further attempt to return would be a vain and useless effort.
These are the basic facts surrounding this episode of this marriage. The question then arises as to whether the wife has proven that she is entitled to a separation on the grounds of abandonment.
The Supreme Court, in the recent case of Von Bechman v. Von Bechman, 386 So.2d 910, 912 (La.1980), set forth the standards of proof to be met in order that a party may be entitled to a separation on the grounds of abandonment. The court stated as follows:
“... Before a separation grounded upon abandonment may be granted, it must be proven that one of the parties withdrew from the marital domicile without lawful cause to do so, and that the withdrawing party has constantly refused to return. C.C. art. 143; Clary v. Clary, 341 So.2d 628 (La.App. 4th Cir. 1977); Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir. 1976). For this reason, in order to obtain a separation grounded upon abandonment, a party cannot merely show that the spouse left the common dwelling and then rely upon the spouse’s failure to prove a case grounded upon fault. Bergeron v. Bergeron, 372 So.2d 731 (La.App. 4th Cir. 1979).
******
“Civil Code art. 145 provides that abandonment is to be proved as any other fact in a civil suit. ...”
The wife must prove the elements of abandonment as enunciated above. As we examine the record we are of the opinion that the wife has failed to meet this burden of proof. The trial judge gave no reasons for his judgment. He apparently felt that the wife had met the requirements of proof. We cannot agree.
There is no testimony in the record that sheds any light upon the causes for the arguments and deterioration of the marriage which resulted in Meche’s living at home on a part-time basis beginning in September 1979. We only know that arguments ensued and the marital atmosphere of the marriage was in such a state of disrepair that Meche felt, for the welfare of the children, his presence in the home should be limited to weekends. There is no testimony that the arguments or the marriage deterioration emanated from the fault of Meche, or the fault of his wife, or both. His return to the air base on March 15th was a continuation of the practice that had begun six months before. Also, after his return from “TDY” on March 22nd, he was informed by Daisy that he could not live at the home without the presence of other people.
As we examine the testimony it can be seen immediately that Daisy Meche has failed to prove that her husband withdrew from the home without a lawful cause and has constantly refused to return to live with her.
The reconventional demand filed by Meche alleges two grounds for separation; “constructive abandonment” and cruelty.
We have concluded that Meche is clearly entitled to a judgment of separation on the ground of cruelty, thus, it is not necessary that we discuss the jurisprudential doctrine of “constructive abandonment.”
*1177 Daisy readily admitted that, after Meche returned from “TDY” on March 22nd, she refused to allow Meche to return to their home for the purpose of living together as man and wife. This course of conduct continued thereafter and up to time of trial. Such conduct amounts to cruel treatment under the provisions of LSA-C.C. art. 138(3). In Burnett v. Burnett, 349 So.2d 488, 490 (La.App. 3rd Cir. 1977), this court was faced with similar facts and held as follows:
“Moreover, we need not rely entirely on the jurisprudential rule of constructive abandonment, since the facts of the present case also constitute grounds for separation under the terms of the Code itself. LSA-C.C. Article 138(3) provides that a separation from bed and board may be claimed, ‘on account of ... excesses, cruel treatment or outrages ... [if] such ill-treatment is of such a nature as to render their living together insupportable.’ Clearly, when one spouse orders the other to leave the matrimonial domicile without just cause, removes his personal belongings and, after inviting him back, again orders him to leave, the rejected spouse should be entitled to a separation from bed and board on grounds of cruel treatment. Such treatment renders the spouses ‘living together insupportable’, within the meaning of LSA-C.C. Article 138(3)
The judgment of the trial court, dismissing Meche’s reconventional demand, shall be reversed. Judgment shall be rendered granting Meche a separation from Daisy.
For the reasons assigned that portion of the trial court judgment granting Daisy Meche a separation from bed and board is reversed, set aside and dismissed. The portion of the judgment dismissing the recon-ventional demand of Norwood Meche is reversed and set aside. It is ordered that judgment be rendered, in favor of Norwood Meche and against Daisy Meche, decreeing a separation from bed and board between the parties and dissolving the community of acquets and gains existing between them. In all other respects the judgment is affirmed.
Daisy Meche and Norwood Meche shall each pay one-half of the costs in both the trial court and this appeal.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.