423 So.2d 770 (1982)
Jules Joseph SEYMOUR
v.
Deborah Walter, wife of Jules Joseph SEYMOUR.
Deborah Walter SEYMOUR
v.
Jules J. SEYMOUR.
Nos. 13289, 13290.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
*772 Winifred M. Delery, New Orleans, for appellant.
Patricia R. Vincent, New Orleans, for appellee.
Before GULOTTA, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Jules Joseph Seymour appeals from a judgment by the district court which awarded his wife, Deborah Walter Seymour, a separation a mensa et thoro, custody of the two minor children, use of the family home and child support of $400 per month. We affirm the judgment of the district court.
The issues on appeal are: (1) Was the trial court correct in granting the wife a judgment of separation, and, (2) in awarding the wife custody of the chidren and possession of the family home?
The facts are as follows: Jules Joseph Seymour and Deborah Walter were married on October 11, 1969. They had two children: Danille who was ten years old and Jules who was 11 years old. Mr. Seymour did not work. He received a medical retirement from the government for his 100% disability due to injuries sustained in the Viet Nam War. Part of his disability was mental and he underwent psychiatric treatment through the Veterans Administration and the Pontchartrain Mental Health Facility. The husband received a government pension, which consisted of $1,154 per month from the Veterans Administration and $597 per month from the Post Office. When his wife was working Mr. Seymour took care of the house and children. He had performed these duties five years. Mrs. Seymour was employed and she earned $1,010 per month. During the marriage the Seymour family resided at 7347 Hickman Avenue, New Orleans. The family home was spacious and comfortable, and each child enjoyed a separate bedroom. The children were in the fifth and sixth grade and they attended school in the vicinity of their family home.
The marriage of Mr. and Mrs. Seymour was affected by Mr. Seymour's violent outbursts, during which he would threaten and strike his wife, physically abuse his son and make sexual threats against his daughter.
Mr. Seymour had a drinking problem for which he underwent antibuse treatment at the request of the Veterans Administration.
On at least three occasions the police had been called upon to render assistance when Mr. Seymour reacted in a violent manner.
On April 21, 1981 Mrs. Seymour left the family home. Her husband had been drinking and he beat her. She called the police who took her husband to the Veterans Administration Hospital. She went to the YMCA's Battered Women's Clinic and spent the night at her father's house. She then spent a couple of weekends at the house with her husband but moved out again in June, 1981. She has not returned, even though her husband requested her to do so on several occasions.
She moved herself and her children into her mother's three bedroom apartment in the Desire Project. There, the children were cared for by their mother and grandmother.
The children continued to attend the school located near their home on Hickman Street. The children go to school an hour after their mother must be at work and they leave school an hour before she leaves work. Therefore, the children must be transported to their father's residence before school and picked up from there in the evening after school.
Following the couple's physical separation, Mr. Seymour continued to drink to excess, verbally abuse and threaten his wife, and engage in physical displays of violence.
On July 7, 1981 Jules Seymour filed suit for separation on grounds of his wife's *773 abandonment. (Doc. No. 81-10694) On the same day, Deborah Walter Seymour, filed suit for separation on the grounds of cruel treatment and habitual intemperance (Doc. No. 81-10797). The cases were consolidated. On July 29, 1981 the parties entered a consent judgment wherein Mrs. Seymour was granted child custody and child support of $400 per month. Mr. Seymour was given regular visitation rights. The injunction against harassment and alienation of community property was given mutual effect.
After a trial on the merits the district court, without written reasons, granted Deborah Walter Seymour a separation a mensa et thoro, custody of the two minor children, use of the family home and child support of $400 per month. The court dismissed Mr. Seymour's suit for separation and his rule which had requested a change of custody and termination of child support. Likewise, the court dismissed the wife's rule for alimony pendente lite and her request for an increase of child support.

Separation:
Mr. Seymour contends that he should have been granted a legal separation on the grounds of abandonment. He reasons that his wife left the matrimonial domicile without cause, in that she had reconciled with him after her grounds for leaving had been established.
Separation from bed and board may be claimed due to the "abandonment of the husband by the wife or the wife by her husband." C.C. Art. 138(5). Abandonment is to be proved, as any other fact in a civil suit. C.C. Art. 145. Meche v. Meche, 410 So.2d 1174 (La.App., 3rd Cir., 1982). In order to prove abandonment, one must show that the other party left the matrimonial domicile, without lawful cause, and that they have constantly refused to return to live with the other party. C.C. Art. 143. Meche v. Meche, supra.
The record clearly reveals that the wife left the matrimonial domicile in April and June, 1981 and that she refused to return to live with her husband. Therefore, the final consideration is whether Mrs. Seymour left with lawful cause.
Mrs. Seymour contends that she left the matrimonial domicile with legal cause because of her husband's cruel treatment and habitual intemperance. Her husband counters with the allegation that his wife has only shown one incident of cruel treatment, which occurred in April, 1981 when he became drunk and beat her. Further, he argues that the couple reconciled after this incident, and thus his wife is precluded from using this incident as a grounds for separation.
A party may claim a separation from bed and board "on account of habitual intemperance of one of the married persons or excesses, cruel treatment or outrages of one of them toward the other, if such habitual intemperance or such ill-treatment is of such a nature as to render their living together insupportable." C.C. Art. 138(3). Even a single instance of cruel treatment may be sufficient to justify a separation from bed and board. Gilberti v. Gilberti, 338 So.2d 971 (La.App., 4th Cir., 1976), citing DeJoie v. DeJoie, 224 La. 611, 70 So.2d 398 (La., 1954).
For a person to live in fear of bodily harm is such cruel treatment as to render living together insupportable. DeJoie v. DeJoie, supra.
In April, 1981 Mrs. Seymour had legal cause to leave the matrimonial domicile. The record is replete with testimony concerning Mr. Seymour's habitual intemperance and acts of cruel treatment, in striking his wife on numerous occasions, in abusing his children, of cursing and threatening his wife.
Therefore, the question becomes whether or not Mrs. Seymour had lawful grounds for leaving the matrimonial domicile in June of 1981. Stated another way, what, if any, effect did the cohabitation of the couple have on Mrs. Seymour's grounds for separation based on cruel treatment and habitual intemperance?
Cohabitation, after cruel treatment, is usually construed as reconciliation. See: Gilberti v. Gilberti, supra. However, *774 reconciliation is an issue of fact, to be determined on a case by case basis, after considering the totality of the circumstances of the case and all the activities of the parties. Jordan v. Jordan, 394 So.2d 1291 (La.App., 1st Cir., 1981); Millon v. Millon, 352 So.2d 325 (La.App., 4th Cir., 1977). While sexual intercourse constitutes strong evidence that the relationship has resumed, proof of one act or of several isolated acts of sexual intercourse is not necessarily conclusive of the issue of reconciliation. Millon v. Millon, supra; Halverson v. Halverson, 365 So.2d 600 (La.App., 1st Cir., 1978). In order to establish a reconciliation which will break the continuity of a period of separation or constitute a condonation or forgiveness of past behavior, the overall circumstances must show a mutual intention by the parties to resume their marital relationship. Jordan v. Jordan, supra; Halverson v. Halverson, supra. A reconciliation shall extinguish the action for separating but a new action may be brought for causes arising since the reconciliation, and the former motives may be used to corrobate his new action. C.C. Art. 153. Gibbon v. Gibbon, 337 So.2d 298 (La.App., 2nd Cir., 1976).
In this case, the trial judge apparently found that the husband had not proven the couple's reconciliation. We agree with such a finding. Although there was evidence that the husband and wife cohabited after their separation in April and before their separation in June, 1981, the record is devoid of evidence which would establish the mutual intent of the parties to resume married life. Isolated acts of sexual intercourse, without more, is insufficient to establish reconciliation.
The record reveals that Mrs. Seymour clearly proved that her husband's cruel treatment and habitual intemperance rendered their living together insupportable. Thus, Mrs. Seymour had lawful cause to leave the family home. The trial judge was in the best position to determine which party was to be awarded the separation and he did not err in awarding Deborah Walter Seymour a judgment of separation.
Child Custody and Occupancy of Family Home:
The trial court awarded Deborah Walter Seymour the custody of the two minor children of the marriage and use of the family home.
Jules Seymour argues that he is in the best position to care for the children because his disability status enables him to be at home regularly. He further contends that he has in fact cared for the children more than his wife. He reasons that he should have the possession of the family home in order to raise the children.
The trial court's decisions regarding custody matters are afforded great weight and, thus, will be overturned only when there is a clear abuse or discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La., 1980); Cleeton v. Cleeton, on rehearing, 383 So.2d 1231 (La., 1980). The sole criterion for determining child custody (and visitation) is the best interest of the child. C.C. Art. 157. Bordelon v. Bordelon, supra; Cleeton v. Cleeton, supra; Tusson v. Price, 403 So.2d 1265 (La.App., 4th Cir., 1981). Some factors to be considered in awarding custody are: the stability of the child's environment (Bordelon v. Bordelon, supra) and the degree of continuous care and affection between the parent and child. Nale v. Nale, 409 So.2d 1299 (La.App., 2nd Cir., 1982); Thornton v. Thornton, 377 So.2d 417 (La.App., 2nd Cir., 1979).
The custody of the children was awarded to their mother. Considering all the circumstances surrounding the custody of these children, we find that the trial court did not abuse its discretion.
Although their father had a little more time to care for the children, his propensities for excessive drinking and violent outbursts, plus his past incidents of abuse towards the children militated against an award in his favor. The custody award to the mother was in the best interests of the children and would provide them with the stability of environment and continuity of care and affection they needed.
Moreover, it was in "the best interest of the family" that the wife have possession *775 of the family home in which to care for the children. R.S. 9:308. For a number of years the children had lived in this home, attended a school in the area and had been reared in this environment. The alternative to the wife's possession of the family home was that the children would live, as they had for a brief period, with their mother and grandmother in the Desire Project. This would not be in the best interest of the family.

Witness Testimony:
The appellant argues, without authority, that the trial court erred when it allowed a New Orleans Police Officer to testify. The appellant reasons that since a police item number of the alleged incident was not offered, the policeman should not have been allowed to testify.
The trial judge is vested with much discretion in accepting or rejecting testimony and unless his decision is found to be clearly wrong, it will not be disturbed on appeal.
The fact that the police officer investigated a domestic incident concerning Mr. Seymour was admissible evidence which was relevant to the issue of child custody. The fact that he testified solely from memory and his testimony was not corroborated by a written report went only to the credibility or weight of his testimony. The trial judge did not err in allowing the police officer to testify.

Written Reasons for Judgment:
Finally, the appellant argues that the trial court erred when it failed to give written reasons for judgment, when a timely request was made for the reasons.
The Code of Civil Procedure, Article 1917, addresses the issue of when written reasons for judgment shall be provided. This codal article states:
"In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the signing of the judgment.
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph B of Article 1811 of this Code. These findings need not include reasons for judgment."
Amended by Acts 1979, No. 431, § 3, eff. Aug. 1, 1980, No. 111, § 1, eff. Aug. 1, 1980, No. 112, § 1, eff. June 26, 1980.
The Court of Appeal cannot review evidence that is not in the record, nor can it receive evidence so as to supplement the record. See: Good v. La. Commission on Governmental Ethics, 370 So.2d 123 (La. App., 1st Cir., 1979), writ. den. 371 So.2d 836 (La., 1979). The appellant supplements his brief with a letter which was allegedly presented to the judge for written reasons.
Since the letter is not a part of the record, we are powerless to consider the document offered by the appellant to support his position that he made a timely request for written reasons for judgment. Moreover, where the trial judge fails to comply with a timely request for written findings of fact and reasons for judgment under Code of Civil Procedure, Article 1917, the proper remedy for the aggrieved party is to apply for supervisory writs or move for remand of the case for the purpose of requiring the trial judge an opportunity to comply with the request. Brocato v. Brocato, 369 So.2d 1083 (La.App., 1st Cir., 1979). In this case appellant has neither applied for supervisory writs nor requested a remand of the case.

Conclusion:
The trial court did not commit error in granting Deborah Walter Seymour a separation a mensa et thoro, the custody of her minor children and possession of the family home.
For the reasons assigned, the judgment of the District Court is affirmed. Costs are assessed against the appellant.
AFFIRMED.