STOKER, Judge.
This is an appeal by Norwood Meche (Norwood) from the judgment of the trial court on his “Rule to Terminate Alimony”. The issue in this appeal is the date on which the termination should be made effective. A review of the procedural history of the separation and divorce between the parties is necessary for an understanding of the issue and the ruling of the trial court and this court.
On May 4,1981, Daisy Thibodeaux Meche (Daisy) was granted a separation from bed and board from her husband, Norwood J. Meche, on the grounds of abandonment. She was awarded custody of the two minor children of the marriage and child support and alimony pendente lite in the amounts of $400 and $350 per month, respectively. Norwood appealed this judgment in favor of Daisy and the dismissal of his reconven-tional demand for a separation on the grounds of cruel treatment or “constructive abandonment”.
Before an appeal decision was rendered on the suit for separation, Norwood filed a “Petition for Divorce” on the. basis of living separate and apart for more than one year. In that petition Norwood alleged that “... he is presently willing and able to continue paying alimony and child support in the sum of $750 per month for the support of the defendant and the two minor children of the marriage.” Daisy reconvened seeking a divorce on the same basis as Norwood, but requesting $1,150 per month alimony and child support. On October 9, 1981, the trial court granted Daisy a divorce and awarded her custody of the children. Child support and permanent alimony was granted in the same amounts as in the judgment of separation.
On February 3,1982, this Court of Appeal reversed the trial court judgment of separation dated May 4, 1981, in favor of Daisy and rendered a judgment of separation in favor of Norwood on the grounds of cruel treatment. Daisy was thus found to be “at fault”. All other features of the trial court’s judgment were affirmed. Meche v. Meche, 410 So.2d 1174 (La.App. 3rd Cir. 1982).
On May 27,1982, Norwood filed his “Rule to Terminate Alimony”, the matter before us in this present appeal. The motion was grounded on the fact that Daisy was found to be at fault by this court and was not entitled to alimony after divorce.[1] Nor-wood prayed that the alimony be terminated as of February 3, 1982, the date of the appeal decision. The trial court ordered that the alimony be terminated as of May *330 26, 1982, the date Norwood sought the change. He appeals that decision. (As noted in footnote 1, this date should be May 27, 1982).
It is well settled that a judgment of alimony can only be altered or terminated by a subsequent judgment or by operation of law. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (La.1954); Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir.1974), writ denied, 293 So.2d 187 (La.1974). It terminates by operation of law upon the death or remarriage of the spouse receiving the alimony or upon reversal on appeal of the judgment awarding the alimony.
On Appeal, Norwood urges that the appeal decision terminated the permanent alimony by operation of law. We disagree. The judgment appealed from dealt only with a separation from bed and board and alimony pendente lite. An appeal decision on that judgment could not affect, by operation of law, a judgment in a divorce proceeding which was completely separate. We also note that in the divorce proceeding Norwood expressed his willingness to pay the permanent alimony as awarded.
Under the circumstances of the case, the only relief available to Norwood was to seek a judgment terminating the alimony just as he did. The alimony was properly terminated as of the date he sought relief.
For the foregoing reasons, the judgment of the trial court is amended to terminate permanent alimony as of May 27, 1982.
AMENDED AND AFFIRMED AS AMENDED.

. The date the “Rule to Terminate Alimony” was filed is erroneously referred to by the parties and the trial judge as May 26, 1982. The correct date is May 27, 1982.