DOMENGEAUX, Judge.
Plaintiff-appellee, C & D Pressure Testing, Inc., instituted this lawsuit against the Succession of Herman Darbonne seeking payment of six loans it had made to the decedent. Herman Darbonne, now deceased, allegedly borrowed a total of $40,-501.07 from the plaintiff corporation in order to pay off obligations he owed to the American Bank & Trust Company of Opel-ousas.
The district court held that the plaintiff presented sufficient evidence under the provisions of La.R.S. 13:3721 and 3722 (the dead man’s statute) to recover on three of the six loans. The trial court opined that one of the loans had prescribed and that plaintiff could not recover on two of the loans because the evidence which the plaintiff presented to prove the debts was not supported by the testimony of a creditable witness as required by La.R.S. 13:3722.
C & D Pressure Testing, Inc. is a Mississippi corporation authorized to do business in Louisiana. Clem Darbonne is the sole owner of the corporation. Clem Darbonne and Herman Darbonne were brothers.
On November 12, 1982, C & D Pressure Testing, Inc., through Clem Darbonne, filed suit against the estate of Herman Dar-bonne for monies due. The plaintiff’s petition alleges that C & D Pressure Testing, Inc. lent Herman Darbonne money to pay off debts to the American Bank & Trust Company of Opelousas. The loans were listed in the court record as P-2 through P-7 and were made in the following amounts on the dates listed:
*1172 P-2 7-23-79 . $12,136.20
P-3 12-18-79 . $ 3,918.14
P-4 2-21-80 . $13,566.73
P-5 4-08-80 . $ 7,000.00
P-6 4-24-80 . $ 1,260.00
P-7 5-24-80 . $ 2,620.00
TOTAL. $40,501.07
The testamentary executrix of Herman Darbonne’s estate filed an answer disputing plaintiffs claims and a peremptory exception of prescription alleging that the action on debts P-2 and P-3 had not been timely filed.
At trial, the district court concluded that debt P-2 had prescribed. The district judge ruled that P-6 and P-7 had not been proven in conformity with La.R.S. 13:3722 because plaintiff did not provide the testimony of a creditable witness to substantiate the allegations that an obligation existed. The trial court ruled in favor of the plaintiff as regards P-3, P-4, and P-5.
The defendant-appellant argues that the trial court erred in finding that the plaintiff-appellee sustained its burden of proof under La.R.S. 13:3722 for debts P-3, P-4, and P-5. The appellant also contends that the trial court erred in its failure to credit the estate of Herman Darbonne for a tractor which Clem Darbonne took from the deceased.
La.R.S. 13:3721, among other things, states that parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased, a suit to enforce the debt or liability is brought against the succession representative, heirs or legatees of the deceased. In this case, suit was timely filed.
La.R.S. 13:3722 states:
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.”
The appellant’s brief argues that the plaintiffs did not prove the existence of the debts of the deceased because (1) the witness which the plaintiff called upon to prove the debt was not a creditable witness, and (2) the plaintiff did not introduce any corroborating circumstances into evidence.
The plaintiff called upon Wanda Lawson to prove the existence of the debt. The appellant contends that because Wanda Lawson and Clem Darbonne lived together for a period of ten years she is not a creditable witness.
Before its repeal on January 1, 1985, La.C.C. Art. 2282 provided:
“The circumstance of the witness being a relation, a party to the cause, interested in the result of the suit, or in the actual service or salary of one of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility.”
In Savoie v. Estate of Rogers, 410 So.2d 683 (La.1982), our Supreme Court held that “A person who has a direct pecuniary or proprietary interest in the plaintiff’s claim against the deceased person may not serve as his one creditable witness.”
In the instant case Miss Lawson testified that she lived with Clem Darbonne for a period of ten years and was at one time engaged to him. She further stated that at the time the loans were made she was an employee of C & D Pressure Testing. However, at the time Miss Lawson testified in this matter she no longer lived with Clem Darbonne and was not employed by the plaintiff corporation. From the evidence adduced at trial, we can conclude that Miss Lawson is not a relative of any party in the suit and has no direct pecuniary or proprietary interest in the plaintiff’s claim against Herman Darbonne and is therefore a creditable witness to testify about the existence of debts P-3, P-4, and P-5.
*1173 The plaintiff offered as corroborating evidence of the deceased’s debts the testimony of Mr. Carl Riley, an employee of American Bank & Trust Company of Opelousas; six checks which designate American Bank as payee, drawn on the account of C & D Pressure Testing, signed by Clem Dar-bonne; and the loan accounts of Herman Darbonne.
Mr. Riley testified that those checks designated as P-3, P-4, and P-5 drawn on C & D Pressure Testing were applied against loans made to Herman Darbonne by American Bank and Trust Company.
Miss Lawson testified that she witnessed the transactions between Clem and Herman Darbonne which led to checks P-3, P-4, and P-5 being written. She stated that the checks were written as loans to Herman Darbonne from Clem Darbonne through his company, C & D Pressure Testing, to pay off obligations which Herman owed to American Bank & Trust. This evidence and the testimony to the same effect by Clem Darbonne is corroborated by the testimony of Mr. Carl Riley, the three checks, and Herman Darbonne’s loan account records.
We therefore hold that debts P-3, P-4, and P-5 are sufficiently proven in accord with La.R.S. 13:3722.
The appellant further alleged that the estate of Herman Darbonne should receive a credit for a tractor which Clem Darbonne took from the deceased.
A setoff is an affirmative defense which must be specifically pleaded in the defendant’s answer. La.C.C.P. Art. 1005. Jacobs v. Grayson, 432 So.2d 1036 (La.App. 1st Cir.1983), and National American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981).
A thorough review of this , record discloses no pleading which asserts the defense of an offset. The first mention of a credit is made at trial. We therefore hold that the trial court was correct for determining that a credit could not be given to the decedent’s estate for the tractor Clem Darbonne allegedly appropriated.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendant-appellant.
AFFIRMED.