PRESTON H. HUFFT, Judge Pro Tem.
The plaintiff-wife filed suit seeking a separation based on cruel treatment. The defendant-husband reconvened seeking a separation based on abandonment. After a trial on the merits the trial court rendered judgment in favor of the plaintiff and against defendant. Defendant appeals. We affirm.
The sole issue raised by defendant’s appeal is whether the trial judge erred in finding the wife free from fault in causing the separation.
Plaintiff and defendant were married in July of 1949, in Gulfport, Mississippi, and moved to New Orleans in 1950. There were no children born of the marriage.
Plaintiff left the matrimonial domicile after a confrontation with defendant on February 3, 1984, and has not returned. The parties give conflicting accounts of the confrontation.
Plaintiff contends that she and defendant were arguing about money and defendant shoved her down to the floor and told her he would knock her brains out if she didn’t leave. Plaintiff then left and went to work and called her doctor. Plaintiff testified that she has a nervous condition and high blood pressure as well as arthritis of.the spine.
Defendant contends that the confrontation on February 3, 1984, was simply an argument that started over a trivial matter, unrelated to money. Although defendant admits that the argument became heated, he denies having shoved or threatened plaintiff.
In addition, plaintiff testified that there were frequent arguments between the defendant and herself which aggravated her medical condition, and that she was advised by her physician to leave the stressful situation of living with her husband. Plaintiff also testified that her husband often bragged to her about being with other women.
The only witness other than the litigants was the plaintiffs’ grandaughter, Martha Bolds, who was raised by the parties and lived with them until 1973. Mrs. Bolds testified that the parties fought constantly and that defendant frequently struck plaintiff.
Defendant contends that he should have been granted a legal separation on the grounds of abandonment. In order to prove abandonment, one must show that the other party left the matrimonial domicile without lawful cause and has constantly refused to return. LSA-C.C. art. 143. Seymour v. Seymour, 423 So.2d 770 (La. App. 4th Cir.1982). In the instant case, plaintiff admits and the record clearly shows that she left the matrimonial domicile in February of 1984, and has refused to return. Therefore, the issue with regard to abandonment in this case is whether plaintiff left with lawful cause.
A lawful cause for leaving is a defense to a claim of fault based on abandonment. Seymour v. Seymour, supra. Cruel treatment by the other spouse, even a single instance, may be sufficient to constitute lawful cause for leaving. Id. Furthermore, where the refusal to return is based on a mental or emotional condition which justifies leaving, such refusal to return is not abandonment. Bordelon v. Bordelon, 218 So.2d 117 (La.App. 3d Cir. *1287 1968). The trial court obviously found that plaintiff had lawful cause to leave the matrimonial domicile. After reviewing the testimony we cannot say that this finding is clearly wrong.
As stated by the Louisiana Supreme Court in Pearce v. Pearce, 348 So.2d 75 (La.1977):
In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir.1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
The trial judge was in the better position to determine which party was to be awarded the separation and she did not err in awarding plaintiff a judgment of separation. The totality of the evidence supports the trial judge’s findings that plaintiff was not guilty of fault which contributed to the separation.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.