ARMSTRONG, Judge.
The defendant appeals from a judgment of separation awarded the plaintiff on the ground of cruel treatment, and denying his reconventional demand for separation on the ground of abandonment. We affirm.
Plaintiff-appellee, Janis Torre Simon, initially filed a petition for separation from her husband, defendant-appellant Phillip D.J. Simon, on the ground of (constructive) abandonment. She later filed a supplemental and amending petition alleging cruel treatment as ground for the requested separation. Mr. Simon filed a reconventional demand for separation based on abandonment and mental cruelty.
The facts leading to the separation petitions are as follows: On August 1, 1986 Mr. and Mrs. Simon had an argument and, as a consequence, Mrs. Simon began packing to leave the marital home. Upon seeing this, Mr. Simon told Mrs. Simon to “go ahead and leave”.
While Mrs. Simon continued her packing in the bedroom, Mr. Simon sat in the living room. From time to time Mrs. Simon would interrupt her packing, go to the living room where her husband was, and the couple would exchange criticisms. After one such exchange, Mr. Simon grabbed Mrs. Simon and kicked her in the lower back. Apparently it was quite a kick, and although a large bruise formed in the area in which she was kicked, Mrs. Simon was not seriously injured.[1] Mrs. Simon left the marital home at that point and never has returned, nor did Mr. Simon ever request that she return. Mrs. Simon filed her petition for separation on August 8, 1986, one week after leaving the marital home.
The trial court granted Mrs. Simon’s petition for separation on the ground of cruel treatment by Mr. Simon, and found Mrs. Simon to be free from fault. The trial court also denied Mr. Simon’s reconventional demand for separation based on abandonment. No reasons for judgment were assigned.
On appeal, Mr. Simon argues that the trial court erred (1) in granting Mrs. Simon’s petition on the ground of cruel treatment; and (2) in failing to grant his recon-ventional demand for separation based on abandonment by Mrs. Simon. Mrs. Simon contends that Mr. Simon’s appeal is frivolous, and argues that she is therefore entitled to an award of attorney fees and costs associated with this appeal.

Cruel Treatment

Of course, any kick is “cruel treatment”, but the dispositive issue is whether the kick in question was “of such a nature as to render living together insupportable.” La.Civ.Code art. 138(3). Even a single act of cruelty can render living together insupportable. Smiley v. Smiley, 488 So.2d 1285,1286 (La. App. 4th Cir.1986); Gilberti v. Gilberti, 338 So.2d 971 (La. App. 4th Cir.1976). We think that Mr. Simon’s kick on August 1, 1986 was sufficient cruelty to justify the trial court’s grant of separation to Mrs. Simon under the circumstances.
Mr. Simon had kicked Mrs. Simon on a previous occasion. Although the Simons reconciled after that previous kicking incident, so that that incident is not itself a ground for granting a separation, it helps to put the more recent kick in perspective and to make clear that living together was “insupportable.” We do not think that Mrs. Simon should have to wait for a third or fourth or fifth kick before a separation on the ground of cruel treatment should be granted.
*671 Mr. Simon concedes the rule that a single act of cruelty can render living together insupportable, but asserts that this rule is inapplicable if mutual fault exists, or if the cruel act is the result of provocation by the other spouse. He also asserts that the rule is inapplicable if the act of cruelty relied upon for the requested separation is the sole act of cruelty during a long period of cohabitation, citing Barnes v. Barnes, 207 So.2d 895 (La. App. 1st Cir.1968). However, after citing these exceptions, Mr. Simon fails to point to any record evidence suggesting that Mrs. Simon provoked him.[2] Nor does our review of the record reveal any provocation by Mrs. Simon justifying the kick.[3] Moreover, as noted above, this was not the sole act of physical cruelty in the Simon’s relatively short (nearly three years’) marriage.[4] Accordingly, we find no error in the trial court’s judgment with respect to this assignment of error.

Abandonment

Mr. Simon argues that the district court erred in not finding the parties to be mutually at fault because Mrs. Simon abandoned him. We disagree.
Abandonment occurs when 1) one spouse leaves the common dwelling where that spouse resided with the other spouse; 2) the departing spouse leaves “without a lawful cause”; and 3) the departing spouse constantly refuses to return to live with the other spouse. La.Civ.Code art. 143. Because lawful cause for leaving is a defense to abandonment, Smiley, 488 So.2d 1285, 1286, (citing Seymour v. Seymour, 423 So. 2d 770 (La. App. 4th Cir.1982), the disposi-tive issue is whether Mrs. Simon had “lawful cause” for leaving the marital home. It is clear that Mrs. Simon was packing to leave before being kicked by Mr. Simon. However, we do not find this fact determinative because Mrs. Simon did not actually leave before being kicked by Mr. Simon. We conclude that the kick precipitated, and caused, her actual departure. We thus have no difficulty in saying that Mrs. Simon had “lawful cause” for leaving when she did. Accordingly, we find this assignment of error to be without merit.

Attorney Fees and Court Costs

Although we find Mr. Simon’s appeal to be weak, we do not agree that it quite rises to frivolity. Accordingly, the parties are to bear their own attorney’s fees and all costs associated with this appeal.
The judgment of the trial court is AFFIRMED.
BARRY, J., concurs.

. Two photographs depicting the bruise were admitted into evidence as plaintiffs exhibit 1 and 2.

. Although not entirely clear from Mr. Simon’s brief, it appears that Mr. Simon contends that the provocation which precipitated his action was the fact that he was recuperating from recent open heart surgery. However, we think that the provocation required to defeat a claim of cruel treatment must be done by the person alleging the cruel treatment, and not the result of an external incident.

. Mr. Simon testified to the effect that his wife should not have been arguing with him after his surgery. However, we fail to see how Mrs. Simon’s arguing justified Mr. Simon’s kick. Mr. Simon could easily have walked out of the house, or refused to participate in the argument himself.

.Nor has this circuit adopted the holding of Barnes, the First Circuit decision cited by Mr. Simon for the proposition that a sole act of cruelty during a long period of cohabitation can never be ground for the granting of a separation. See Smiley, 488 So.2d at 1286.