SCHOTT, Chief Judge.
This is before us on a motion to remand the case to the trial court in order for the trial judge to consider appellants’ motion for rehearing and to give findings of fact and reasons for judgment.
*980 On October 24, 1989 the trial court sustained exceptions of prescriptions and dismissed appellants’ suit against appellees. Appellants filed a motion for a new trial and a request for findings of fact and reasons for judgment. On January 18, 1990 the court denied the motion for new trial. On February 22 the trial court ex proprio motu vacated the previous order denying the motion for new trial and granted a rehearing. On March 14 the trial court set aside the previous order granting a rehearing declaring that the issue was moot since an appeal had been taken.
In the order of March 14 the trial court also denied appellants’ request for findings of fact and reasons for judgment declaring: “The written reasons on this issue is discretionary and the Court declines to do so.”
Appellants’ motion to remand for a rehearing or new trial has no merit. When the trial court originally denied the motion on January 18, 1990 the judgment became final in the trial court. The only realistic avenue for relief open to appellants at that point was to take an appeal to this court. Now that appellants have taken an appeal the trial court has jurisdiction limited as set out in LSA-C.C.P. art. 2088. This does not include a rehearing or new trial.
With respect to appellants’ request for findings of fact and reasons for judgment, C.C.P. art. 1917 provides that when requested to do so by a party the court shall give in writing its findings of fact and reasons for judgment if the request is made not later than ten days after the signing of the judgment. Here the judgment was signed on October 24 and appellants filed their request on October 27. The article is mandatory; the trial judge is obliged to comply with a timely request. Thus, the trial judge in this instance erred in considering the matter as discretionary and denying the request.
By filing a motion to remand for the purpose of enforcing the provisions of art. 1917 appellants have followed the correct procedure. Seymour v. Seymour, 423 So.2d 770, 775 (La.App. 4th Cir.1982).
Accordingly, appellants’ motion to remand is granted for the sole purpose of enabling the trial court to comply with art. 1917 by giving in writing its findings of fact and reasons for judgment.
MOTION GRANTED